967 F.2d 596
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mary E. WILLIAMS, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 91-55245.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 6, 1992.
Decided June 12, 1992.
 
 Before CANBY, REINHARDT and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mary Williams, an applicant for Social Security disability benefits, appeals the district court's grant of summary judgment in favor of the Secretary of Health and Human Services. We reverse.
 
 
 3
 Williams applied for disability benefits in 1988. She alleged that severe strain in her neck, arms, and shoulders, as well as hypertension and chronic depression, prevented her from working. The ALJ found that Williams's physical disorders did not prevent her from performing light household chores and that her alleged pain could be controlled by medication without significant side effects. Accordingly, the ALJ concluded that Williams was not disabled within the meaning of the Social Security Act and that she could perform medium work. After the Appeals Council denied Williams's request for review of the ALJ's decision, Williams appealed to the district court. The court agreed with the ALJ's findings and granted the Secretary's motion for summary judgment.
 
 
 4
 We review the district court's decision to grant summary judgment in favor of the Secretary de novo. Fair v. Bowen, 885 F.2d 597, 601 (9th Cir.1989). The Secretary's decision to deny benefits must be supported by substantial evidence and must be free of legal error. Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir.1985).
 
 
 5
 In support of its argument that the ALJ properly discounted Williams's pain testimony, the government relies on the concurring opinion in Bates v. Sullivan, 894 F.2d 1059, 1064 (9th Cir.1990), which introduced a requirement that there be objective medical evidence to corroborate the pain alleged by a claimant. However, Bates has since been overruled by our en banc court and is no longer the appropriate standard for evaluating subjective claims of pain in Social Security disability cases. Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir.1991) (en banc). Rather, the claimant need only produce " 'medical evidence of an underlying impairment which is reasonably likely to be the cause of the alleged pain.' " Id. (quoting Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir.1986)).
 
 
 6
 Williams has produced sufficient evidence to satisfy the Cotton-Bunnell standard. Williams alleged, and the ALJ found, that she suffered from impairments including strain in her neck, arms, and shoulders, hypertension, and dysthymic disorder. These medically corroborated impairments are reasonably likely to be the cause of Williams's alleged pain. Accordingly, the ALJ was required to make specific findings to support his conclusion that her allegations of severe and disabling pain were not credible. Bunnell, 947 F.2d at 345 (citing Cotton, 799 F.2d at 1407).
 
 
 7
 The ALJ discounted Williams's pain testimony for two reasons. First, he noted that Williams testified that she currently performs certain daily activities that require light exertion, such as driving, light grocery shopping, and light household chores. The fact that Williams can perform these daily tasks is, however, not inconsistent with her allegations of disabling pain. In order to establish an entitlement to disability benefits, Williams need not show that she is entirely unable to perform the various small chores that are necessary for day-to-day existence; rather, she need only show that as a result of her pain she is unable to perform medium work for a continuous period of time. Viewed in this light, Williams's testimony at the hearing contradicts the ALJ's conclusion that she is not so disabled. Williams testified that she can only stand for ten or fifteen minutes at a time, that she can walk only two or three blocks, and that she falls asleep for up to two hours after going for a walk. The ALJ made no findings either discrediting that testimony or assessing the ability of such an individual to perform on a continuous basis work defined as requiring frequent lifting and/or carrying of objects weighing up to twenty-five pounds.
 
 
 8
 Second, the ALJ observed that Williams "testified that medications help relieve pain and other symptomatology without significant side effects." However, none of the doctors and no other witnesses provided testimony about the range of activities that Williams could perform while under the influence of the various medications prescribed, and the ALJ made no finding as to the effect those medications would have on Williams's ability to perform medium work. Moreover, what little evidence exists on this issue directly contradicts the ALJ's determination that Williams is capable of performing medium work. Although Williams did testify that she was not "experiencing any ill side-effects" from her medications, she also testified that the medications make her drowsy and that she tends to go to sleep after taking them. If the medications required to treat Williams's pain cause her to fall asleep, her ability to perform medium work for a continuous eight-hour shift appears virtually nonexistent. Furthermore, it is not clear from the record that Williams fully understood what the "side-effects" of the prescription medication actually were. The ALJ did not address Williams's alleged disorientation in his findings.
 
 
 9
 It appears that the ALJ evaluated Williams's pain testimony under the standard set forth in the Bates concurrence. In light of Bunnell, however, that approach is invalid as a matter of law. Moreover, on the record, the ALJ's conclusion is not supported by substantial evidence. Accordingly, we reverse the grant of summary judgment in favor of the Secretary. The district court is hereby directed to remand to the Secretary for further consideration of Williams's application for benefits.
 
 
 10
 REVERSED AND REMANDED.
 
 
 11
 WIGGINS, Circuit Judge, dissenting.
 
 
 12
 Mary Williams appeals an order of the district court granting summary judgment in favor of the Department of Health and Human Services. Williams argues that the district court erred in finding that her residual functional capacity was limited to medium work and therefore that she was not disabled. We have jurisdiction to hear this timely appeal pursuant to 28 U.S.C. §§ 636(c)(3), 1292 and 42 U.S.C. § 405(g). I would affirm.
 
 BACKGROUND
 
 13
 Williams filed an application for disability insurance benefits on February 26, 1988. She filed an application for supplemental security income on August 23, 1988. Williams alleged that she was disabled as a result of a strain in her neck, arms and shoulders, controlled hypertension, chronic dysphoria and depression. The Secretary of Health and Human Services denied Williams applications initially and on reconsideration. Williams appealed to an Administrative Law Judge ("ALJ"). The ALJ affirmed the denial of Williams' applications and Williams requested review by the Appeals Council. The Council denied the request for review. Williams then appealed to the district court. The Secretary and Williams filed cross motions for summary judgment. The district court granted the Secretary's motion for summary judgment, and Williams appeals.
 
 I. Standard Of Review
 
 14
 A motion for summary judgment presents a question of law. Therefore, a decision of a district court to grant a motion for summary judgment is reviewed de novo. Miller v. Heckler, 770 F.2d 845 (9th Cir.1985). A court may only reverse a denial of benefits under the Social Security Act where the Secretary's findings are based on an error of law or where the findings are not supported by substantial evidence. Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir.1985), Allen v. Heckler, 749 F.2d 577, 579 (9th Cir.1984). Substantial evidence is defined as that evidence which a rational person might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Taylor v. Heckler, 765 F.2d at 875. Where the record is ambiguous or inconclusive, the court must affirm the decision below. Allen v. Heckler, 749 F.2d at 579. "Questions of credibility and resolution of conflicts in testimony are functions solely of the Secretary." Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir.1982).
 
 
 15
 II. ALJ's Findings Were Not Based On An Error Of Law
 
 
 16
 The majority elected to reverse this case on the basis that the ALJ improperly used the Bates standard in rejecting Williams' subjective pain testimony. Bates permitted the Secretary to refuse to consider subjective pain testimony because there was no objective medical evidence to corroborate the alleged pain. Bates v. Sullivan, 894 F.2d 1059, 1064 (9th Cir.1990). The majority correctly notes that the Bates standard was overruled by this court en banc and that the correct standard is the Cotton-Bunnell standard. Cotton-Bunnell permits the Secretary to refuse to consider subjective pain testimony only where there is no evidence of an underlying impairment which could reasonably be the cause of the alleged pain. Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir.1991) (en banc). The Bates and Cotton-Bunnell standards set out the requirements that a claimant must meet in order to have the Secretary consider his subjective pain testimony. Neither standard interferes in any way with the ALJ's responsibility to make credibility judgments about witnesses.
 
 
 17
 The majority relies on Taylor, which permits a reversal of the Secretary where his decision is not free of legal error. Taylor, 765 F.2d at 875. The majority's statement of the law is correct. The problem with the majority opinion is that it is based on an erroneous view of the facts of this case.
 
 
 18
 The majority opinion is based on two factual assumptions which are incorrect. First, the majority opinion assumes that the ALJ utilized the Bates standard and refused to consider Williams' subjective pain testimony. This is not true. An examination of the ALJ's findings of fact clearly reveals that the ALJ did not use Bates to refuse to consider Williams' pain testimony. In fact, the ALJ's findings of fact demonstrate that the ALJ did consider Williams' testimony that she experiences severe pain. The confusion about Bates arises from the fact that the government, in its brief to this court, attempted to justify the ALJ's ultimate decision by citing to Bates. However, those citations do not constitute findings by the ALJ that are based on an error of law which would justify a reversal. See Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir.1985).
 
 
 19
 Second, the majority assumes that the ALJ found Williams' testimony that she experiences severe pain not credible. This is also not true. The ALJ acknowledged that Williams experiences severe pain. The ALJ simply noted that Williams' own testimony indicated that her pain could be controlled by medication without significant side effects. Furthermore, a review of the ALJ's findings of fact clearly shows that the ALJ did not, as the majority implies, make a finding that Williams' pain testimony was not credible.
 
 
 20
 Williams' subjective pain testimony can conceptually be divided into two categories. The first category of testimony was the factual testimony describing Williams' pain. The second category of testimony was the conclusory testimony about the effect that the pain had on whether Williams could perform medium work. The ALJ heard and accepted Williams' factual testimony with respect to her severe pain. The ALJ considered that evidence in making his decision on Williams' claim. The ALJ also heard Williams' conclusory testimony on her ability to perform medium work, and he considered that testimony in making his decision on her claim.
 
 
 21
 However, the ALJ rejected Williams' subjective conclusion that she could not perform medium work because of her pain. The ALJ is permitted to reject a claimant's subjective conclusions. It is the function solely of the ALJ to evaluate a witness' conclusions and credibility and to resolve conflicts in the testimony. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir.1982). The ALJ stated specific reasons to support his rejection of Williams' claim that she could not perform medium work because of her severe pain. First, he found that although Williams did experience severe pain, that pain could be controlled adequately with medication. Second, he found that Williams' own testimony about her daily activities was inconsistent with her claim that her pain prevented her from working. Finally, he found that the testimony of Williams' own treating physician contradicted her claim that she could not work as a result of her pain. Thus, the ALJ's rejection of Williams' subjective conclusion that she could not work because of her pain was well supported.
 
 
 22
 III. ALJ'S Finding That Williams Functional Capacity Allowed Her To Perform Medium Work Was Supported By Substantial Evidence
 
 
 23
 The Social Security Act provides that an applicant for benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which is expected to last for a continuous twelve month period." Cooper v. Sullivan, 880 F.2d 1152, 1155 (9th Cir.1989). However, because Williams has established that her disability prevents her from performing her prior occupation, the burden shifts to the Secretary to prove that she can perform other types of work which exist in the national economy in light of her existing condition, age, education and prior work experience. Id.
 
 
 24
 The district court found that the Secretary had met his burden of establishing that there were other types of work existing in the national economy which Williams could perform. Williams contends that the Secretary's finding is not supported by substantial evidence. The issue is whether Williams had the residual functional capacity to perform medium work, as the Secretary contends, or whether she only had the capacity to perform sedentary work, as Williams contends. The district court properly found that the Secretary's determination that Williams could perform medium work was supported by substantial evidence.
 
 
 25
 Williams claims that her residual functional capacity is limited to sedentary work. This claim is baseless. The Secretary determined on the basis of the medical evidence presented that Williams could perform medium work. Williams own treating physician, Dr. Hay, testified that Williams was only medically precluded from performing heavy work. He stated that Williams only medical restriction was not to lift over fifty pounds. That restriction is consistent with someone who may perform medium work under the medical-vocational guidelines. "Medium work involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objects weighing up to twenty five pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. §§ 404.1567(c), 416.967(c) (1990). Dr. Hay reported that Williams had good range of motion in her head, neck and shoulders. Dr. Hay recommended vocational rehabilitation and training. As Dr. Hay was Williams own treating physician, his findings are entitled to substantial weight. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989); Murray v. Heckler, 722 F.2d 499, 502-03 (9th Cir.1983). Furthermore, while the opinion of the treating physician is not binding, in the absence of other conflicting medical testimony, it may be disregarded only in the face of clear and convincing evidence. Megallanes, 881 F.2d at 751.
 
 
 26
 In addition to Dr. Hay's findings, the Secretary also received evidence from a number of other doctors who had examined Williams during the course of her worker's compensation case and this case. None of these other doctor's reports indicated that Williams was limited to performing sedentary work. All the reports indicated that while she suffered from several medical and psychological problems, those problems were under control and did not prohibit her from working. Thus, as there was no medical evidence which conflicted with Williams' treating physician's opinion, the ALJ had to give that opinion substantial weight. Unless there was other clear and convincing evidence on the record, the ALJ was not allowed to disregard it.
 
 
 27
 The only other evidence presented in the case was the testimony of Williams herself. This testimony did not rise to the level of clear and convincing evidence and thus, the ALJ had to follow the opinion of her treating physician. Williams' own testimony contradicted her assertion that she was limited to performing sedentary work. Furthermore, her assertion was not supported by any objective findings by her doctors. Thus, the ALJ was entitled to discount her claim to be disabled. Nymah v. Heckler, 779 F.2d 528, 531 (9th Cir.1985) ("a claimant's self-serving statements may be disregarded to the extent that they are unsupported by objective findings"). Williams testified that her activities included driving, doing laundry, cooking, light grocery shopping, dusting and looking after her eight year old grandson. An individual's daily activities may support the rejection of a claim of total disability. Fair v. Bowen, 885 F.2d 597, 602-04 (9th Cir.1989). The ALJ found that Williams' daily activities were inconsistent with her claim that she was only able to perform sedentary work. Thus, based on the medical evidence, including the treating physician's reports and the claimant's own testimony about her daily activities, it is clear that the ALJ's finding that Williams could perform medium work was supported by substantial evidence.
 
 CONCLUSION
 
 28
 The ALJ did not commit an error of law in rejecting Williams' subjective conclusion that she could not perform medium work due to her severe pain. The ALJ's conclusion that Williams' could perform medium work was supported by substantial evidence. Therefore, I respectfully dissent.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3