Nathan STEINHARDT

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services.

No. 89 Civ. 5383 (KTD).

United States District Court, S.D. New York.

Oct. 8, 1990.

Michael Joseph J. Barnas, New York City, for plaintiff.

Otto G. Obermaier, U.S. Atty., S.D.N.Y., New York City (Sapna V. Raj, Asst. U.S. Atty., of counsel), for defendant.

## ENDORSEMENT

KEVIN THOMAS DUFFY, District Judge.

Plaintiff, Nathan Steinhardt, brings this action pursuant to §§ 205(g) and 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. §§ 405(g) and 1383(c)(3), ("the Act"), asking the court to review a final determination of the defendant, Louis W. Sullivan, M.D., Secretary of Health and Human Services ("the Secretary"), which denied Steinhardt a waiver of recovery of an overpayment of disability insurance benefits. The parties cross-move for judgment on the pleadings as per Fed.R.Civ.P. 12(c).

Steinhardt signed an application on March 26, 1981 to be appointed as representative payee for his wife, Anna Zuckerman Steinhardt, who was receiving disability insurance benefits. Transcript ("Tr.") 98–101. Steinhardt's wife died on August 20, 1981. Tr. 144. After his wife's death, Steinhardt, as her representative payee, continued to receive disability insurance benefit checks on her behalf. Tr. 31. On September 18, 1986, Steinhardt was notified by the Social Security Administration ("S.S.A.") that he had been overpaid by $28,695.80 in Social Security benefits received on behalf of his wife from August 1981, when she died, to July 1986. Tr. 52–53. After requesting that the S.S.A. reconsider, Steinhardt received an adjusted reduced notice for overpayment made to him in the amount of $27,858.00. Tr. 54–86. Steinhardt's request for waiver was denied on February 25, 1988. Tr. 84–85, 90–91. Steinhardt then requested a hearing. On September 22, 1988, the case was considered *de novo* by Administrative Law Judge ("ALJ") Michael P. Friedman before whom Steinhardt appeared with legal counsel. Tr. 25–45.

At the hearing, Steinhardt testified that he sent a death certificate to the Wilkes–Barre Data Operations Center for the Department of Health and Human Services on September 30, 1981. Tr. 29, 38. He claims to have been mislead by S.S.A. publications with respect to his obligation to report his wife's death. Moreover, Steinhardt reports having completed only nine years of school and as such, he asks for a waiver of repayment averring that he innocently lacked the capacity to be cognizant of his duty to report the death of his wife. Tr. 43, 157–61. On October 18, 1988, the ALJ rendered his decision denying Steinhardt's request for waiver of recovery of the overpayment. Tr. 13–18. Steinhardt was found to be not without fault in causing the overpayment, and thus, recovery of the overpayment was not waived. Tr. 18. The Appeals Council granted Steinhardt's request for review of the ALJ's decision. Tr. 150–52. After considering additional evidence adduced by Steinhardt, the Appeals Council affirmed the ALJ's decision, finding no error of law was committed, and denied requests for further review. Tr. 4–10.

The issue at bar is whether there is substantial proof in the record to support the ALJ's determination that Steinhardt was not without fault in accepting disability

payments made to him as representative payee for his wife after her death. According the Social Security Act, the Secretary has the authority to direct payment of benefits to a relative or some other person "for the use and benefit" of the beneficiary. 42 U.S.C. § 404(a)(1) (1982); 20 C.F.R. § 404.2035(b) and (d). In turn, the representative payee has a duty to notify the S.S.A. of "any event that will affect the amount of benefits the beneficiary receives or the right of the beneficiary to receive benefits" and "any change in circumstances that would affect performance of the payee's responsibilities." 20 C.F.R. § 404.2035(b) and (d).

■ Furthermore, the Act, in pertinent part, provides:

Whenever the Secretary finds that more or less than the correct amount of payment has been made to any person under this title, proper adjustment or recovery shall be made, under regulations prescribed by the Secretary, as follows:

(A) With respect to payment to a person of more than the correct amount, the Secretary shall decrease any payment under this title to which such overpaid person is entitled, or shall require the amount in excess of the correct amount, or shall decrease any payment under this title payable to his estate or to any other person on the basis of the wages and self-employment income which were the basis of the payment to such overpaid person, or shall apply any combination of the foregoing.

42 U.S.C. § 404(a)(1) (1982). Since the representative payee is designated by the Secretary pursuant to Title II of the Act, the Secretary is empowered to recover overpayment from the payee directly through a refund. 42 U.S.C. §§ 404(a)(1)(A), 405(j)(1); 20 C.F.R. § 404.502(a)(1).

■ Where, however, the overpaid individual can show that: (1) he was "without fault" in causing the overpayment; and (2) recovery would defeat the purposes of Title II of the Act or demanding a refund would work against equity and good conscience,

the Secretary is authorized to waive recovery. 42 U.S.C. § 404(b); 20 C.F.R. § 404.506. Steinhardt bears the ultimate burden of establishing that he meets both requirements of the waiver provision. *See Valente v. Secretary of Health and Human Services,* 733 F.2d 1037, 1042 (2d Cir. 1984).

■ The Secretary denied Steinhardt a waiver of recovery based on a finding that Steinhardt was not without fault in accepting, as representative payee, his wife's disability payments after her death. The Act provides that "the findings of the Secretary, as to any fact, if supported by substantial evidence, shall be conclusive ..." 42 U.S.C. § 405(g). If substantial evidence supports the Secretary's determination, it must be upheld even if there is also substantial evidence for Steinhardt's position.[1] *See Baker v. Heckler,* 730 F.2d 1147, 1150 (8th Cir.1984). Moreover, the court is not to decide the case *de novo* where the Secretary's findings, as well as inferences and conclusions drawn therefrom, are conclusive. This is regardless whether the court's independent analysis and that of the Secretary's may differ. *Parker v. Harris,* 626 F.2d 225, 231 (2d Cir.1980); *Rivera v. Harris,* 623 F.2d 212, 216 (2d Cir.1980).

■ The evidence is substantial in this case and it establishes the following: (1) that an overpayment was made to Steinhardt, as representative payee of his wife's disability payments; (2) overpayment resulted when Steinhardt continued to receive benefits after his wife's death until July 1985; (3) any right to receive such payments terminated upon the beneficiary's death; and (4) Steinhardt knew or should have known that payments were made for the use and benefit of the beneficiary only, and that, upon his wife's death, he knew or should have known that such payments were no longer able to be used in the manner in which intended, namely, for the use and benefit of his wife as the beneficiary. At no time before or after his wife's death did Steinhardt have the right

---

**1.** Substantial evidence in this context has been defined as "more than a mere scintilla." *Rich-* *ardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

98

to use those payments for his own benefit. Clearly, the record establishes that the beneficiary's death was material information which Steinhardt knew or should have known to be material and that it was his obligation to report the death to the S.S.A. in accord with his duty as the representative payee. Therefore, the Secretary's determination and the ALJ's finding that Steinhardt was not without fault in causing the overpayment is certainly supported by much more than a mere scintilla of evidence.

Steinhardt alleged at the hearing before the ALJ that he notified the S.S.A. of his wife's death by sending the death certificate to Wilkes–Barre Data Operations Center. Tr. 29. I support the ALJ's finding that Steinhardt's testimony was incredible. *See Mejias v. Social Security Administration,* 445 F.Supp. 741, 744, (S.D.N.Y.1978) (ALJ's evaluation of the evidence is afforded great weight since the demeanor of a witness is only determined through direct observation.) Moreover, that Steinhardt contends a lack of capacity to comprehend the importance of either notifying the S.S.A. of his wife's death, or of accepting receipt, for six years, of his deceased wife's disability payments is of no moment. Steinhardt knew or should have known that benefits paid included his wife's disability benefits and that his wife's death was material in requiring their termination. The record is substantial, supporting the Secretary's determination that Steinhardt was not without fault in causing the overpayment of disability insurance benefits.[2] Thus, once an individual has been found to be "not without fault" in causing the overpayment for any given period, he is unable to meet both of the waiver requirements, and recovery of the overpayment cannot be waived. As such, there is no need to inquire further to show that recovery would be against equity and good conscience or would defeat the purposes of the Act. Based on the ALJ's record now before me, I find the Secretary's determination to be reasonable and thus must be affirmed.

For the foregoing reasons, the Secretary's motion for judgment on the pleadings is granted. Steinhardt's motion for judgment on the pleadings is denied and his complaint is dismissed in its entirety. The Secretary is hereby directed to submit Judgment on five days notice within ten days of the date of this order.

SO ORDERED.

---

2. Furthermore, Steinhardt received all he and his wife were due and more. The Secretary does not ask for the disgorgement of rightful benefits, but, asks only for a refund of benefits incorrectly bestowed.