19 F.3d 28
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Krikor POGHARIAN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-55973.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 31, 1994.
Decided Feb. 25, 1994.
 
 Appeal from the United States District Court for the Central District of California, No. CV-89-5686-ER (EE); Edward Rafeedie, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 BEFORE: TANG, PREGERSON, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Krikor Pogharian's application for Supplemental Security Income ("SSI") benefits was denied by the Secretary of Health and Human Services ("Secretary") because Pogharian possessed resources in excess of the allowable amount. Pogharian appealed to the district court, which granted summary judgment in favor of the Secretary. Pogharian now timely appeals to this court, and we affirm.[1]
 
 Analysis
 
 3
 The Secretary's denial of benefits will be affirmed if the findings are supported by substantial evidence and the Secretary applied the correct legal standards. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989); see 42 U.S.C. Sec. 405(g). Substantial evidence is "more than a mere scintilla," but "less than a preponderance." Matney on Behalf of Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992) (citations omitted). In evaluating the evidence, we look at the entire record, weighing both the evidence that supports and detracts from the Secretary's conclusion. Id. However, the trier of fact must resolve conflicts in the evidence, and if the evidence can support either outcome, we may not substitute our judgment for that of the administrative law judge. Id. We review the district court's summary judgment independently. Magallanes, 881 F.2d at 750.
 
 I.
 
 4
 SSI benefits are available only to aged, blind or disabled persons with very limited income and resources. 20 C.F.R. Secs. 416.1100, 416.1205(c). Section 416.1201(a) defines resources as "cash or other liquid assets or any real or personal property that an individual ... owns and could convert to cash to be used for his or her support and maintenance." In counting available resources, Sec. 416.1246 requires the inclusion of assets disposed at less than fair market value. Sec. 416.1246(e) provides:
 
 
 5
 Transfer of a resource for less than fair market value is presumed to have been made for the purpose of establishing SSI or Medicaid eligibility unless the individual ... furnishes convincing evidence that the resource was transferred exclusively for some other reason. Convincing evidence may be pertinent documentary or non-documentary evidence which shows, for example, that the transfer was ordered by a court, or that at the time of transfer the individual could not have anticipated becoming eligible due to the existence of other circumstances which would have precluded eligibility. The burden of rebutting the presumption that a resource was transferred to establish SSI or Medicaid eligibility rests with the individual.
 
 
 6
 Pogharian transferred $20,000 to his brother in January, 1988, two months prior to applying for SSI benefits. Pogharian claimed that he owed his brother $20,000 for 68 months of room and board (at $10 per day), for the period from January 15, 1977 to September 20, 1982. After the $20,000 transfer, Pogharian's brother gave him $630 per month for expenses from March, 1988 to February, 1990, although Pogharian testified that his brother expects repayment.
 
 
 7
 The Administrative Law Judge ("ALJ") found that the $20,000 was an "uncompensated transfer," and thus counted the money as part of Pogharian's resources which rendered Pogharian ineligible for benefits through January, 1990 (a 24 month period from the date of transfer). The ALJ determined that Pogharian had transferred the $20,000 in order to qualify for SSI, and found that Pogharian's testimony regarding the existence of a $20,000 debt to his brother was not credible.
 
 
 8
 An ALJ's credibility determination is given great weight. Hudson v. Bowen, 849 F.2d 433, 434 (9th Cir.1988). However, "[i]f an ALJ's decision is based on a credibility assessment, there must be an explicit finding as to whether the claimant's testimony was believed or disbelieved and the testimony must not be entirely discounted because there was a lack of objective findings." Id. at 435.
 
 
 9
 Here, the ALJ's credibility was not simply based on the lack of "objective findings"; i.e. the lack of a written agreement to pay his brother for room and board. Rather, the ALJ noted that Pogharian failed to explain why he waited over five years to pay the debt,[2] that the brother's statement corroborating the existence of a debt was not persuasive because it was dated after the original denial of benefits and was inconsistent with Pogharian's testimony that his brother did not ask him for the money,[3] and that the brother was paying Pogharian $630 per month.[4]
 
 
 10
 Moreover, Pogharian's testimony itself supported a finding that the transfer was at least in part to establish his eligibility for SSI benefits. Pogharian stated on his SSI application that he had not paid his brother earlier because his brother did not want the money: "He wanted me to use the interest earned on my bank accounts to support myself. We decided (I decided) that I should apply for Social Security checks and I knew I owed money to my brother so I paid him." (Emphasis added). The Sec. 1246(e) presumption is overcome only if Pogharian could furnish "convincing evidence that the resource was transferred exclusively for some other reason." (Emphasis added). Pogharian did not sustain his burden of rebutting the presumption.
 
 
 11
 The ALJ's treatment of the $20,000 as an "uncompensated transfer" and the resulting inclusion of that money in Pogharian's resources is supported by substantial evidence.
 
 II.
 
 12
 Under 20 C.F.R. Sec. 416.1246(d), the Secretary will not count a transferred asset as a resource if it would result in undue hardship to the applicant. "Undue hardship exists when: (1) an individual alleges that failure to receive SSI benefits would deprive the individual of food or shelter." 20 C.F.R. Sec. 416.1246(d)(3).
 
 
 13
 On November 30, 1990, the ALJ found no undue hardship because Pogharian's brother had supported Pogharian with $630 per month until he began receiving benefits in February, 1990. With the benefit of hindsight, the ALJ determined that Pogharian had not been deprived of food or shelter from March, 1988 through January, 1990.
 
 
 14
 The ALJ also found that the monthly payments from Pogharian's brother did not constitute a loan, and that Pogharian was likely receiving his own money in monthly installments. Because the ALJ's finding that the $20,000 was transferred to establish eligibility for SSI benefits was supported by substantial evidence, the ALJ's inference that the $630 monthly payments were not a loan was a reasonable one.
 
 
 15
 On this record, the ALJ's finding that Pogharian was not subjected to "undue hardship" is supported by substantial evidence.
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This appeal concerns benefits claimed from January 11, 1988 through January 10, 1990. Pogharian has received SSI benefits since February 1, 1990
 
 
 [2]
 Pogharian in fact testified that his brother's wife had been recently hospitalized and that his brother's jewelry store had been broken into three times
 
 
 [3]
 Pogharian claims on appeal that this statement would have been submitted prior to the original denial of benefits, but for the fact that the ALJ erroneously held that hearing without Pogharian's appearance. In any event, the brother's statement was submitted several months after the transfer, decreasing the statement's evidentiary value
 Moreover Pogharian does not address his testimony that there was not an agreement and that his brother did not ask for the money.
 
 
 [4]
 Pogharian argues that the ALJ relied on evidence not in the record, because there was no evidence of the source of the $630 per month. See Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir.1990) (erroneous to rely on evidence not in the record). However, the ALJ did not conclude that there was evidence that the $630 per month came from the $20,000 transferred to Pogharian's brother; rather, the ALJ came to that inference due to his finding that Pogharian had transferred that money in order to establish eligibility for SSI benefits