**Adele S. GRUBART, Plaintiff,**

v.

**Donna SHALALA, Secretary of Health and Human Services, Defendant.**

No. 94 Civ. 0307 (PKL).

United States District Court,
S.D. New York.

Jan. 22, 1996.

Plaintiff, pro se.

Susan D. Baird, Assistant United States Attorney, New York City, for defendant.

### ORDER

LEISURE, District Judge:

This is an action brought under the Social Security Act, 42 U.S.C. § 405(g) ("the Act"), to review a final decision of the Secretary of Health and Human Services that plaintiff *pro se* was entitled under the Act to an award of wife's benefits for the period beginning in November 1990 (the month she applied), but not to such benefits beginning in August 1990 (the first month she was eligible). The Secretary has moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). The Court referred this motion to the Honorable Sharon E. Grubin, United States Magistrate Judge, for preparation of a report and recommendation. On September 11, 1995, Judge Grubin issued a Report and Recommendation (the "Report") that this Court grant defendant's motion for judgment on the pleadings. Plaintiff filed timely objections to the Report. The Court has reviewed the Report, and made a *de novo* determination, as required by 28 U.S.C. § 636(b)(1), that the Report is legally correct and proper. *See United States v. Raddatz*, 447 U.S. 667, 676, 100 S.Ct. 2406, 2413, 65 L.Ed.2d 424 (1980) ("[Section 636(b)(1) ] permit[s] whatever reliance a district judge, in the exercise of sound judicial discretion, [chooses] to place on a magistrate's proposed findings and recommendations."). In addition, the Court has considered plaintiff's arguments objecting to the Report and finds them to be without merit. The Court therefore adopts the Report in its entirety.

Accordingly, for the reasons stated in the Report, the Court GRANTS defendant's motion for judgment on the pleadings, and DISMISSES the action, with prejudice, in its entirety.

**SO ORDERED.**

### REPORT AND RECOMMENDATION

GRUBIN, United States Magistrate Judge:

This is an action brought under the Social Security Act, 42 U.S.C. §§ 405(g) ("the Act"), to review a final decision of the Secretary of Health and Human Services that plaintiff was entitled under the Act to an award of wife's benefits for the period beginning in November 1990 (the month she applied) but not to such benefits beginning in August 1990 (the first month she was eligible for such

benefits, *see* 20 C.F.R. § 404.330(c)). The Secretary has moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). Because there is substantial evidence to support the decision, the Secretary's motion should be granted.

## I.

To qualify for benefits as the spouse of an insured person who is entitled to old-age benefits, the spouse must establish, *inter alia,* that he or she: (1) filed an application for spouse's benefits; (2) is at least 62 years old; and (3) is not entitled to old-age or disability benefits based upon a primary insurance amount that is equal to or larger than the spouse's benefit amount. 42 U.S.C. § 401(b)(1); 20 C.F.R. § 404.330. The claimant must sign and file an application on a form prescribed by the Social Security Administration ("SSA"). 20 C.F.R. §§ 404.603, 404.610. If a written statement, such as a letter, is filed with the SSA rather than the application form, its date will be used as the filing date of application if: (1) the statement indicates an intent to claim benefits; (2) it is signed by the claimant; and (3) the claimant files the SSA application form within six months after the SSA's notice advising of the need to file one. 20 C.F.R. § 404.630.

An individual is not entitled to a monthly benefit for any month prior to the month in which he or she files an application for benefits if the amount of the monthly benefit would be subject to reduction because the individual had not yet reached age 65. 42 U.S.C. § 402(j)(4)(A); *see* 20 C.F.R. § 404.312(c). Spouse's benefits are subject to reduction by $^{25}/_{36}$ of 1 percent for each month preceding the month in which the claimant reaches 65 for which the claimant applies for benefits. 42 U.S.C. § 402(q)(1); 20 C.F.R. § 404.410(b).

The Act further provides as follows:

In any case in which it is determined to the satisfaction of the Secretary that an individual failed as of any date to apply for monthly insurance benefits … by reason of misinformation provided to such individual by any officer or employee of the [SSA] relating to such individual's eligibility for benefits …, such individual shall be deemed to have applied for such benefits on the later of—

(A) the date on which such misinformation was provided to such individual, or

(B) the date on which such individual met all requirements for entitlement to such benefits (other than application therefor).

42 U.S.C. § 402(j)(5).

In reviewing a denial of Social Security benefits, the court is not empowered to make a *de novo* determination of the plaintiff's entitlement. *Jones v. Sullivan,* 949 F.2d 57, 59 (2d Cir.1991); *Wagner v. Secretary,* 906 F.2d 856, 860 (2d Cir.1990); *Cruz v. Sullivan,* 912 F.2d 8, 11 (2d Cir.1990). Rather, it is the function of the Secretary, and not the reviewing court, to pass on the credibility of witnesses, including the claimant, and to resolve material conflicts in the testimony. *Richardson v. Perales,* 402 U.S. 389, 399, 91 S.Ct. 1420, 1426, 28 L.Ed.2d 842 (1971); *Aponte v. Secretary,* 728 F.2d 588, 591 (2d Cir.1984). *See also Long v. Shalala,* 21 F.3d 206, 209 (8th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 65, 130 L.Ed.2d 22 (1994) (ALJ's determination of claimant's credibility as to his claim that he received misinformation from the SSA is entitled to "great deference"); *accord: Rashad v. Sullivan,* 903 F.2d 1229, 1231 (9th Cir.1990). The court's function is limited to assessing whether the Secretary applied the proper legal standards in making a determination and whether that determination is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Long v. Shalala,* 21 F.3d at 209; *Cruz v. Sullivan,* 912 F.2d at 11; *Rashad v. Sullivan,* 903 F.2d at 1231; *Arnone v. Bowen,* 882 F.2d 34, 37 (2d Cir.1989).

In that regard, the Supreme Court has defined "substantial evidence" as " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales,* 402 U.S. at 401, 91 S.Ct. at 1427 (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)). *See also Rivera v.*

*Sullivan*, 923 F.2d 964, 967 (2d Cir.1991); *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir.1990). The Secretary's finding will be sustained if supported by substantial evidence even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the Secretary's. *Alston v. Sullivan*, 904 F.2d at 126; *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982), *cert. denied*, 459 U.S. 1212, 103 S.Ct. 1207, 75 L.Ed.2d 447 (1983); *Schauer v. Schweiker*, 675 F.2d 55, 57 (2d Cir.1982). *See also Long v. Shalala*, 21 F.3d at 209 (if it is possible to draw two inconsistent positions from the evidence and one of them represents the ALJ's findings as to whether the claimant received misinformation from the agency, the decision must be affirmed).

## II.

Upon her application on November 30, 1990, the SSA determined that plaintiff was entitled to wife's benefits as of November 1990 but not retroactively to August 1990. At plaintiff's request a hearing was held, before Administrative Law Judge Kenneth G. Levin ("the ALJ") on June 16, 1992, at which plaintiff appeared *pro se*. On August 24, 1992 the ALJ issued a decision rejecting plaintiff's claim that she failed to apply for benefits before November 1990 as a result of SSA misinformation. On June 16, 1993 the Appeals Council denied plaintiff's request for review of the ALJ's decision. Proceeding *pro se*, plaintiff commenced this action on January 20, 1994, again arguing that she delayed her application until November 1990 because she had been erroneously advised by the SSA that she could not apply for spouse's benefits until she reached 65, and seeking such benefits retroactive to the date of her initial eligibility.

At her hearing plaintiff testified that, following receipt of an October 20, 1989 letter from the SSA to her husband notifying him that his monthly retirement benefit amount would increase, she telephoned SSA with inquiries regarding her husband's benefits, her own entitlement to retirement benefits based on her own work history and on her husband's account, and her entitlement to Medi-

care. Born on July 20, 1928, plaintiff was 9 months shy of her 62nd birthday at the time of this telephone call. Plaintiff testified that a female SSA employee whose name may have begun with "J" told her, among other things, that she was not entitled to receive wife's benefits on her husband's account until age 65. Plaintiff testified further that it was not until a telephone conversation 13 months later with a Mr. Davis of the SSA that she was informed that upon reaching age 62 she had become eligible to receive wife's benefits on her husband's account.

Although the SSA had no record of plaintiff's October 1989 telephone conversation with "J," the ALJ was persuaded that a conversation did take place between plaintiff and an SSA employee. Construing 42 U.S.C. § 402(j)(5) to place the burden of proof on the claimant, however, the ALJ found that the evidence fell short of proving that plaintiff had been erroneously informed that she was ineligible to receive any wife's benefits at age 62. Although plaintiff may have believed that she was told this, the ALJ found that the evidence showed at most only that plaintiff had misunderstood essentially correct information. Plaintiff's copy of the October 20, 1989 letter to her husband contained the following handwritten notes on her telephone conversation:

(a 62—self—about $100 65—More—½ of H no Medicare till 65 Wait to 65 to collect all of H as widow)

Tr. 70. With reference to these notes, plaintiff testified that "J" told her the following: (1) at age 62, on her own account, she would get at most about $100 per month; (2) if she waited until age 65, she would get more, an amount equivalent to one-half the amount of her husband's benefits; (3) she was not eligible for Medicare until age 65; (4) "Wait to 65 to collect" meant that "I have to wait, because it would be on my husband's number, because on my number I would get so little, and she advised that I should not apply on my number"; and (5) if she were widowed she would collect all of her husband's benefit. Tr. 29–30. The ALJ found, however, that the evidence did not show that she had been told she could not receive any wife's benefits until she reached age 65. Rather, her notes

and her testimony suggested only that plaintiff may have incorrectly drawn that understanding from being told, correctly, that (1) her limited work history was such that the amount of benefits on her own account would be small, at best; and (2) if she waited until reaching 65 to receive them, the amount of her wife's benefits would be one-half the amount of her husband's benefits. It did *not* follow, however, that plaintiff was told that those two alternatives were her *only* options. The ALJ further suggested that plaintiff also may have misconstrued advice that, because monthly benefits that are begun at age 62 are smaller than monthly benefits first claimed at age 65, it often is advantageous to wait until 65 before beginning to receive them (*i.e.,* "wait to 65 to collect") as meaning that there was no alternative at all to waiting until age 65. By her own account, plaintiff had sought over the telephone information on several different programs and entitlements (her husband's current and future monthly benefit amount, her Medicare entitlement, her own retirement benefits and her wife's benefits). The ALJ concluded that plaintiff did not meet her burden of proof that she had received misinformation:

> At most, I conclude that the claimant was simply trying to absorb more and more complicated information than may have been wise to do over the phone, but I cannot conclude that the claimant was told the one critical fact that might suggest a ruling in her favor, namely, that she would not be eligible for any amount of benefits on her husband's account at age 62, but only at age 65.

Tr. 18.

### III.

■ On the basis of both the objective requirements regarding timely written applications set forth at page 2 above and the language of 42 U.S.C. § 402(j)(5) itself (which begins: "In any case in which it is determined to the satisfaction of the Secretary ..."), the ALJ was correct that under § 402(j)(5) the burden of proof is on the claimant to demonstrate that she received SSA misinformation that caused her to fail as of a particular date to apply for monthly insurance benefits. *See also* cases holding

that, under 42 U.S.C. § 404(b), the burden of proof is on the claimant to prove that an overpayment of benefits was received "without fault," *e.g., Valente v. Secretary,* 733 F.2d 1037, 1042 (2d Cir.1984); *Steinhardt v. Sullivan,* 752 F.Supp. 95, 97 (S.D.N.Y.1990); *Hillenberg v. Bowen,* No. 85 Civ. 3671(PKL), 1986 WL 6498 at *1 (S.D.N.Y. June 2, 1986) (slip opinion available on Lexis). I also agree with the Secretary that there was substantial evidence for the ALJ's finding that plaintiff did not meet her burden of proof in this regard. Since, apart from her testimony about what she was told by "J," there was no objective evidence supporting her position, resolution of the issue of what she was told required the ALJ to assess her credibility in claiming that she was told she was not eligible to receive wife's benefits until age 65. The ALJ's assessment must be given great weight. *Richardson v. Perales,* 402 U.S. at 399, 91 S.Ct. at 1426; *Long v. Shalala,* 21 F.3d at 209; *Rashad v. Sullivan,* 903 F.2d at 1231 ("The ALJ may, as in other cases where credibility assessments are necessary, disregard self-serving statements if they are unsupported by objective evidence."); *Aponte v. Secretary,* 728 F.2d at 591. While her testimony about what she was told by "J" does to my mind tend to support her position, the other evidence pertaining to her claim (her own notes and the multiplicity of complex subjects on which she sought information) tends to support the ALJ's conclusion that plaintiff misconstrued what she had been told. In addition, it appears from the transcript of record that plaintiff may have had some difficulty at the hearing in understanding the ALJ's explanation to her that monthly benefit amounts decrease the earlier one starts receiving benefits, *see* Tr. 25–28, which would further support the ALJ's finding that she misunderstood what she was told in October 1989 about "wait[ing] to 65 to collect." In sympathy, I note all of this is, indeed, quite complex for all of us to understand.

As there was a reasonable basis for the ALJ to conclude that plaintiff did not meet her burden of proving that she received misinformation from the SSA, there was substantial evidence for the Secretary's decision,

which therefore should be sustained. *See Long v. Shalala*, 21 F.3d at 209.[1]

### CONCLUSION

For the foregoing reasons I recommend that the Secretary's motion be granted and the complaint dismissed.

Copies of this Report and Recommendation have been mailed this date to the following:

Ms. Adele S. Grubart
155 East 38th Street, Apt. 6K
New York, New York 10016

Susan D. Baird, Esq.
Assistant United States Attorney
100 Church Street, 19th Floor
New York, New York 10007

The parties are hereby directed that if you have any objections to this Report and Recommendation you must, within ten (10) days from today, make them in writing, file them with the Clerk of Court and send copies to the Honorable Peter K. Leisure, to the opposing party and to the undersigned. Failure to file objections within ten (10) days will preclude later appellate review of any order that will be entered by Judge Leisure. *See* 28 U.S.C. § 636(b)(1); Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure; *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir.), *cert. denied*, 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Secretary*, 892 F.2d 15, 16 (2d Cir.1989) (per curiam); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir.1988); *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir.1983) (per curiam).

Dated: New York, New York

September 11, 1995

---

1. Although it does not affect our decision, plaintiff may take some comfort out of the fact that the situation of which she complains may work to her advantage. Under the formula applicable to spouse's benefits, the monthly benefit amount at age 62 is 75% of the monthly benefit amount for those who began such benefits at age 65, and for each month after turning 62 that the claimant waits before claiming benefits the monthly benefit amount increases by $^{25}/_{36}$ of 1% of the monthly benefit amount for those who began at age 65. *See* 42 U.S.C. § 402(q)(1); 20 C.F.R. § 404.410(b). Because they began as of November 1990, plaintiff's monthly payments are approximately 2.78% higher than they would have been had they begun as of August 1990.