129 F.3d 124
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Horace W. CARROLL, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security
Administration, Defendant-Appellee.
 No. 96-56272.
 United States Court of Appeals, Ninth Circuit.
 Submitted November 4, 1997.**
Filed Nov. 6, 1997.
 
 Appeal from the United States District Court for the Central District of California, D.C. No. 96-56272; Gary L. Taylor, District Judge, Presiding.
 Before HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Harold W. Carroll appeals the district court's grant of summary judgment in favor of the Commissioner of the Social Security Administration in his action seeking back disability benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1382 ("SSI")). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir.1996), cert. denied, 117 S.Ct. 953 (1997). The decision of the administrative law judge ("ALJ"), however, must be affirmed if free of legal error and supported by substantial evidence. See Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir.1996).
 
 
 4
 Carroll contends that the Commissioner's determination that he had excess resources in the form of equity in non-exempt real property is not supported by substantial evidence because Carroll did not have an ownership interest in his former residence at 3805 West Carol Street ("the house") at any time from November 3, 1983, when he separated from his wife, to January 24, 1990.[1] This contention lacks merit.
 
 
 5
 The Commissioner correctly concluded that Carroll did not transmute his interest in the house from community property to his wife's separate property when he permanently separated from his wife because the evidence adduced to establish transmutation was not credible. See Katz v. United States, 382 F.2d 723, 729 (9th Cir.1967) (stating that under California law spouses could transmute community property to separate property by agreement); see also In re Marriage of Weaver, 224 Cal.App.3d 478, 484 (1990) (summarizing California law that before January 1, 1985, transmutation could be established by substantial, credible and relevant evidence of an oral or written agreement or common understanding between the spouses). The Commissioner gave specific, cogent reasons, supported by the record, for disbelieving Carroll and his wife with respect to the alleged transmutation. See Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir.1990); Hudson v. Bowen, 849 F.2d 433, 435 (9th Cir.1988). Accordingly, the Commissioner's determination that there was no transmutation and that Carroll retained an ownership interest in the house was supported by substantial evidence.
 
 
 6
 Alternatively, Carroll contends that if he did have an ownership interest in the house, the interest was an exempt resource because his wife was still living in the house.[2] Carroll's interest in the house was a non-exempt resource because at all relevant times he had a legal right to liquidate his interest. See 20 C.F.R §§ 416.1201(a)(1). Also, the house ceased to be Carroll's principal place of residence when he permanently separated from his wife and moved out in November 1983 with no intent to return. See 20 C.F.R. § 416.1212(c). Accordingly, substantial evidence supported the Commissioner's conclusion that Carroll's interest in the house was a non-exempt resource in excess of the resource limitation of $2,000 and that Carroll was not eligible for supplemental security income for the period from November 3, 1983 to January 24, 1990.
 
 
 7
 Because the Commissioner's decision was supported by substantial evidence, we affirm the district court's summary judgment in favor of the Commissioner.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Carroll was found disabled under the Act on October 2, 1989 with his disability commencing November 3, 1983. He has been receiving benefits from January 24, 1990 when he recorded a deed transferring his interest in the house to his wife
 
 
 [2]
 Contrary to the Commissioner's assertion, this issue was raised before the ALJ, the Appeals Council, and the district court and thus was not waived on appeal. See Matney ex rel. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992). However. because Carroll did not raise the applicability of § 2162 of the Social Security Handbook before the Appeals Council, we do not address it here. See Avol v. INS, 883 F.2d 659, 661 (9th Cir.1989)