**Guadalupe MEDINA, Plaintiff–Appellant,**

v.

**Kenneth S. APFEL, Defendant–Appellee.**

No. 99–55825.

D.C. No. CV–97–07922–(RC).

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 5, 2001.*

Decided March 15, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before ARCHER,** TROTT, and SILVERMAN, Circuit Judges.

** The Honorable Glenn L. Archer, Jr., Senior Circuit Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

MEMORANDUM***

Guadalupe Medina ("Medina") appeals the summary judgment of the District Court of the Central District of California affirming the determination of the Commissioner of the Social Security Administration ("Commissioner") that she was overpaid Supplemental Social Security Income ("SSI") benefits. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's summary judgment and we will affirm the Commissioner's decision if it is supported by substantial evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1039 & n. 1 (9th Cir.1995). We affirm.

Medina contends that the Commissioner improperly concluded that she had received overpayments of SSI benefits. The Commissioner found that Medina and Miguel Nieto ("Nieto"), hold themselves out to the community in which they reside as husband and wife. Because of this finding, and based on Nieto's income, the Commissioner concluded that Medina was overpaid SSI benefits for the period in question (December 1990—August 1992). Medina argues that she has never been married to Nieto, that the instances in which she held herself out as his wife in the past were largely due to her mental illness, and these instances occurred before the period of time in question. During the time of the overpayment, Medina asserts, she did not hold herself out as Nieto's wife. We do not find Medina's arguments persuasive.

Substantial evidence supports the ALJ's finding that Medina and Nieto have properly been treated as husband and wife, for purposes of the SSA program, continuously since at least 1983. Under the SSA program, "if a man and a woman are found

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

to be holding themselves out to the community in which they reside as husband and wife, they shall be so considered ..." 42 U.S.C. § 1382c(d)(2) (1994); *see also* 20 C.F.R. § 416.1806. Under this standard, when Medina applied for SSI benefits in 1982 she was deemed married to Nieto. Also at this time, Medina agreed to this determination, and she further agreed to report any changes in Nieto's income or resources, because any such change might affect her entitlement to benefits.

Medina now argues that the 1982 finding that she was married should not apply to her for the period in question, 1990–92. SSA regulations dictate, however, the circumstances when individuals who have been deemed married for the purposes of the SSA program are considered no longer married. Specifically, a marriage will be deemed ended if the spouse dies, if the SSA decides that the individuals are not spouses for the purposes of the SSA program, or if the individuals stop living together. 20 C.F.R. § 416.1832. The record does not establish any such circumstances. Medina admits that she and Nieto have continued to live together, and the ALJ further found that they have been holding themselves out as husband and wife continuously since at least February 1983. This finding is supported by documentary evidence including SSA forms submitted by Medina in 1983 and 1986 listing Nieto as her spouse, and Mr. Nieto's tax forms for the years 1989 and 1990 listing Medina as his dependent. Moreover, the ALJ did not find credible Medina and Nieto's testimony that they did not hold themselves out as husband and wife. This finding, based on the ALJ's observation that their testimony was self-contradictory and at odds with the evidence of record, is supported by substantial evidence. *Hudson v. Bowen,* 849 F.2d 433, 434 (9th Cir.1988).

Because substantial evidence supports the ALJ's conclusion, the summary judgment of the district court is affirmed.

AFFIRMED.