### Lorraine B. CLARK, Plaintiff–Appellant,

### v.

### Larry G. MASSANARI,* Acting Commissioner of the Social Security Administration, Defendant–Appellee.

### No. 00–35861.

### D.C. No. CV–99–6420 GMK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 14, 2001.

Decided Oct. 10, 2001.

---

* Larry G. Massanari, as Acting Commissioner of the Social Security Administration, is substituted for his predecessor in office pursuant to Fed. R.App. P. 43(c)(2).

Before THOMPSON, TASHIMA, and GRABER, Circuit Judges.

### MEMORANDUM**

Lorraine Clark ("Clark") applied for supplemental security income benefits pursuant to Title XVI of the Social Security Act (the "Act"). An administrative law judge ("ALJ") denied Clark's request after concluding that, although she qualified as disabled under the terms of the Act, her abuse of drugs and alcohol materially contributed to her disability and that, except for drug and alcohol abuse, Clark could perform simple, unskilled work tasks.[1] Using the Medical–Vocational Guidelines, 20 C.F.R. pt. 404, subpt. P, app. 2, the ALJ determined that such simple, unskilled work is widely available in the national economy and that, accordingly, Clark's disability does not entitle her to benefits under the Act. The ALJ's decision became the Commissioner's final decision when the Appeals Council declined review on September 24, 1999. The district court subsequently affirmed the Commissioner's decision, and Clark timely appeals. We have jurisdiction pursuant to 28 U.S.C § 1291, and we affirm.

A district court's order upholding the Commissioner's denial of benefits is reviewed de novo. *Lewis v. Apfel,* 236 F.3d 503, 509 (9th Cir.2001). The decision of the Commissioner must be affirmed if it is supported by substantial evidence and the Commissioner applied the correct legal

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. An individual is considered disabled only if her physical or mental impairments are of such severity that she is not only unable to do her previous work but cannot, considering her age, education, and work experience, engage in any other kind of substantial gainful work that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B). Additionally, even if such a disability is found, an individual is not eligible for disability assistance if alcoholism or drug addiction is a contributing factor material to the determination that the individual is disabled. 42 U.S.C. § 1382c(a)(3)(J).

standards. *Id.* Substantial evidence is more than a mere scintilla, but less than a preponderance. *Id.* If the evidence can reasonably support either affirming or reversing the Secretary's conclusion, we may not substitute our judgment for that of the Secretary. *Id.*

Clark contends that the ALJ's decision to deny her SSI benefits was not supported by substantial evidence. Initially, she argues that the ALJ incorrectly concluded that her drug and alcohol use materially contributed to her disability; according to Clark, this decision adequately considers neither the combined impact of her affective, anxiety, and personality impairments, nor her own subjective testimony and the testimony of her lay witnesses. Additionally, Clark contends that the ALJ committed legal error in relying on the Medical–Vocational Guidelines. We reject both of these arguments.

 The ALJ carefully considered the interplay between Clark's mental disability and her drug and alcohol abuse.[2] The ALJ relied on evidence from Dr. John B. Nance ("Nance"), which established both that Clark was able to manage satisfactorily her personal affairs when clean and sober, and that her condition significantly deteriorated only when she was abusing drugs and alcohol.[3] Nance's opinion was corroborated by Clark's sporadic unwillingness to follow her doctors' prescribed treatment plan, a factor that allowed the ALJ to question the true severity of Clark's alleged symptoms. *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir.1989).

The ALJ also carefully considered the subjective evidence introduced by Clark. The ALJ found gross inconsistencies, however, between Clark's testimony and what she reported elsewhere in the record, leading the ALJ to conclude that Clark was an unreliable witness. *Bunnell v. Sullivan,* 947 F.2d 341, 346 (9th Cir.1991) ("So long as the adjudicator makes specific findings that are supported by the record, the adjudicator may discredit the claimant's allegations based on inconsistencies in the testimony or on relevant character evidence."). Furthermore, although the ALJ considered the testimony of Clark's daughter and pastor, he concluded that the testimony did little more than confirm Clark's cyclical and ongoing drug and alcohol abuse. All of these findings are fairly supported by substantial evidence in the record.

 Finally, the ALJ did not err in using the Medical–Vocational Guidelines. Although it is true that Clark alleges nonexertional limitations, the Guidelines "may be used to find a claimant not disabled

---

2. Foreshadowing our recent holding in *Bustamante v. Massanari,* 262 F.3d 949 (9th Cir. 2001), the ALJ correctly examined the effect of Clark's drug and alcohol abuse only after first making a determination that Clark was disabled.

3. Clark argues, and introduced new evidence to the Appeals Council, that while she was admittedly abusing drugs and alcohol around the time of the ALJ's decision, she was sober by the time her case was reviewed by the Appeals Council. The Appeals Council and the district court, however, correctly disregarded this evidence. Under 20 C.F.R. § 404.970(b), the Appeals Council can consider new evidence "only where it relates to the period on or before the date of the administrative law judge hearing decision." *See also Bates v. Sullivan,* 894 F.2d 1059, 1064 (9th Cir.1990). Even if Clark were able to prove that she had sobered up after the ALJ's decision, because that fact relates solely to the period after the ALJ's decision, remand to the ALJ would not be appropriate; rather, the appropriate procedure is for Clark to present such evidence in a new application for benefits. *See Harman v. Apfel,* 211 F.3d 1172, 1180 (9th Cir.), *cert. denied,* 531 S.Ct. 1038, 121 S.Ct. 628, 148 L.Ed.2d 537 (2000); *Hudson v. Bowen,* 849 F.2d 433, 435 (9th Cir. 1988).

when the ALJ finds that the claimant's nonexertional limitations do not significantly affect h[er] exertional capabilities." *Bates*, 894 F.2d at 1063. Here, the ALJ found ample evidence in the record to suggest that Clark's nonexertional limitations were not as severe as she claimed and that, absent drug and alcohol abuse, Clark was capable of performing simple, unskilled work tasks. In light of these threshold determinations, it was appropriate for the ALJ to then examine the Guidelines.

Accordingly, the judgment of the district court is

AFFIRMED.