**Darlene WILSON, Plaintiff—Appellant,**

v.

**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, Defendant—Appellee.**

No. 03–17139.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 11, 2005.

Submission withdrawn May 19, 2005.

Resubmitted July 5, 2005.

Decided July 29, 2005.

Gary F. Smith, Esq., Legal Services of Northern California, Sacramento, CA, Margaret A. Engelhardt, Legal Services of Northern California, Redding, CA, Stephen Eric Goldberg, Esq., Legal Services of Northern California, Yolo County Law Office, Woodland, CA, for Plaintiff–Appellant.

Bobbie Montoya, Office of the U.S. Attorney, Sacramento, CA, Dennis J. Mulshine, Esq., Mary P. Parnow, Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: KLEINFELD, HAWKINS, and GRABER, Circuit Judges.

## MEMORANDUM *

Substantial evidence in the record supports the Commissioner's finding that Darlene Wilson did not meet her burden of

showing that she did not file for benefits in 1994 due to misinformation given by SSA employees.[1]

Wilson has no "preferred evidence"[2] of the alleged misinformation, and has not provided compelling "other evidence"[3] that would contradict the findings of the ALJ. The ALJ considered all the evidence provided by Wilson and her daughter, but nonetheless found that the statements of Wilson and her daughter were made over four years after the alleged misinformation and lacked specificity on crucial details.[4] The ALJ was free to disregard Wilson's statements if they were unsupported by objective evidence.[5] The claim by Wilson and her daughter—that employees of the Social Security Administration told Wilson that she would have to sign her mother's house over to the state before she could obtain benefits—appears to be a confusion or misunderstanding of the different requirements for Social Security and Medicaid benefits. Wilson's possible misunderstanding of what she may have been told is not necessarily the same as being provided with misinformation and does not entitle her to an earlier deemed filed date.[6]

Looking at the record as a whole, considering both evidence that supports and undermines the ALJ's findings, it is clear that the evidence may be susceptible of more than one rational interpretation, but in that case, the decision of the Commis-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. See Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir.2003); Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989).

2. See 20 C.F.R. § 416.351(d)(1).

3. See 20 C.F.R. § 416.351(d)(2).

4. See id.; Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir.1990); Hudson v. Bowen, 849 F.2d 433, 434 (9th Cir.1988).

5. See Anderson v. Sullivan, 914 F.2d 1121, 1124 (9th Cir.1990); Rashad, 903 F.2d at 1231; Hudson, 849 F.2d at 434.

6. See, e.g., Grubart v. Shalala, 913 F.Supp. 243, 247 (S.D.N.Y.1996).

sioner, acting through the ALJ, must be upheld.[7]

AFFIRMED.

---

7. *See Reddick v. Chater,* 157 F.3d 715, 720–21 (9th Cir.1998); *Orteza v. Shalala,* 50 F.3d 748, 749 (9th Cir.1995) (per curiam).