Mildred R. TAYLOR,
Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.

No. 84-1646.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 1985.

Decided May 6, 1985.

Order Filed July 9, 1985.

A. Keith Lesar, Aptos, Cal., for plaintiff-appellant.

Gary L. Floerchinger, San Francisco, Cal., for defendant-appellee.

Before KENNEDY, ALARCON, and NELSON, Circuit Judges.

ALARCON, Circuit Judge:

Mildred R. Taylor (hereinafter Taylor) appeals from the district court's grant of summary judgment affirming the denial of her application for disability benefits by the Secretary of Health and Human Services (hereinafter the Secretary), 576 F.Supp. 1172. Taylor contends that the Secretary had no grounds for reversing the Administrative Law Judge's (hereinafter ALJ) determination that she was indeed disabled as of May 1974, since that decision was supported by substantial evidence. She argues that the court should have reviewed the ALJ's decision to determine whether it was supported by substantial evidence, rather than reviewing only the Secretary's decision. Taylor also argues that her pain constitutes a recognized form of disability. Finally, she contends that the district court erred in concluding that it lacked jurisdiction to review the Secretary's decision to not reopen Taylor's 1976 application for disability benefits.

We address each of Taylor's contentions and the facts pertinent thereto under separate headings.

## 1. Secretary's Review of ALJ

Taylor asserts that the Secretary could not reverse the ALJ's determination that Taylor was disabled if the ALJ's finding was supported by substantial evidence.

42 U.S.C. § 405(b) specifically provides that the Secretary is authorized on her own motion to hold such hearings and conduct such investigations as she may deem necessary or proper for the administration of benefits. Further, under the administrative regulations which were promulgated to give effect to the scope and intent of the Social Security Act, the Secretary is authorized to review any decision of

an ALJ on her own motion. 20 C.F.R. § 404.969. The regulations also provide for mandatory review where the ALJ's decision is not supported by substantial evidence. 20 C.F.R. § 404.970(a)(3). In so doing, the Secretary may "consider the evidence in the [whole] record and any additional evidence it believes is material to an issue being considered." 20 C.F.R. § 404.976(b). The Secretary thus had unlimited authority to review the merits of the ALJ's determination of disability under the Social Security Act and the applicable regulations. She was not required to adopt the particular findings of the ALJ even if those findings were supported by substantial evidence.

### 2. District Court's Scope of Review

■ Taylor contends that the district court erred by limiting its scope of review to determining whether the Secretary's conclusion that Taylor was not disabled was supported by substantial evidence. She argues that the district court should only have reviewed whether the ALJ's decision was supported by substantial evidence since the Secretary derived her authority to review the ALJ from 20 C.F.R. § 404.970(a)(3).

The Secretary is empowered to affirm, modify or reverse the ALJ's decision. Such decision then becomes final and is binding upon the parties unless review is sought in district court. 20 C.F.R. § 404.981.

"The court will set aside a denial of benefits only if *the Secretary's findings* are based upon legal error or are not supported by substantial evidence in the record as a whole." *Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir.1984) (emphasis added). Judicial review is limited to "final decisions" of the Secretary. 42 U.S.C. § 405(g). The district court properly reviewed only the Secretary's final decision.

### 3. Substantial Evidence

■ Taylor's application for benefits in 1976 was denied due to her failure to prove that she was disabled as of December 1976. Since Taylor failed to seek review of that initial determination, the decision became final and binding on all parties to the action. 20 C.F.R. § 404.905. Taylor thus continued to carry the burden of proving disability in her 1981 application because the 1976 findings of non-disability created a presumption of continuing non-disability. *Lyle v. Secretary*, 700 F.2d 566, 568 (9th Cir.1983). The claimant can overcome this presumption by proving "changed circumstances" indicating a greater disability. *Booz v. Secretary*, 734 F.2d 1378, 1379–80 (9th Cir.1984). Here, it appears that Taylor's condition had improved rather than deteriorated. The record indicates that between 1976 and 1978 Taylor experienced improvement in the nature of her limitations and pain allegedly suffered. She has therefore failed to show the requisite "changed circumstances."

■ Even if the presumption were not applied, however, the Secretary's decision must be affirmed. As we have noted, the Secretary's findings are conclusive if supported by substantial evidence. Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Corp. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)); *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir.1982). Because substantial evidence supports the Secretary's finding that Taylor was not under a "disability," as defined in the Social Security Act, at any time through the date of the decision, we cannot disturb it.

### 4. Pain As Disability

Taylor contends that the Secretary failed to give adequate consideration to the evidence of pain in determining that a disability had not been proved. She argues that a claimant's complaints of pain cannot be disregarded solely because there is no objective evidence that proves the truth of the complaints.

A claimant's subjective complaint of pain is by itself insufficient to establish disability. *Sorenson v. Weinberger*, 514 F.2d 1112, 1118 (9th Cir.1975). In order for pain to be disabling, subjective complaints must be accompanied by medical evidence. *See Gonzales v. Harris*, 631 F.2d 143, 146 (9th Cir.1980) (despite claimant's testimony on pain, she failed to prove disability, in view of evidence of her activity and lack of medical evidence on her alleged disability); *Gallagher v. Schweiker*, 697 F.2d 82, 85 (2d Cir.1983) (although alleging severe pain, claimant failed to produce medical evidence indentifying underlying impairment and was therefore denied benefits).

The Secretary made a detailed review of the evidence presented in support of Taylor's contention that her pain rendered her unable to engage in gainful activity. The Secretary found that the record failed to reveal evidence of severe impairment and concluded that it did not find statements made by the claimant and her witnesses that Taylor suffered from severe unremitting pain to be credible due to the lack of medical evidence to explain the nature of her complaints. The record supports the Secretary's conclusion that Taylor's complaints of pain were unsupported by medical evidence. The Secretary can disregard a claimant's self-serving statements if they are unsupported by objective evidence. *Maounis v. Heckler*, 738 F.2d 1032, 1034 (9th Cir.1984), *citing Coats v. Heckler*, 733 F.2d 1338, 1340 (9th Cir.1984). In light of Taylor's failure to substantiate her claim by clear medical evidence, we must uphold the Secretary's decision.

### 5. *Administrative res judicata*

Taylor contends that the Secretary's 1976 denial of her benefits never became "final" because Taylor was not. afforded the opportunity to have an administrative hearing for purposes of reconsideration. She argues that the Secretary's contention that administrative finality, or res judicata, precludes review of the 1976 claim is incorrect. She further argues that it would be manifestly unjust to apply res judicata to her 1976 claim in the absence of a hearing held on the merits of the claim. Finally, she argues that the district court had jurisdiction over the Secretary's decision not to reopen Taylor's previous claim for benefits.

The Secretary was correct in concluding that res judicata precluded the ALJ from reviewing the merits of Taylor's 1976 claim. After Taylor's 1976 claim was initially decided, she had the right to request a reconsideration within 60 days after the date she received notice of the determination. 20 C.F.R. § 404.909. Taylor did not seek reconsideration. The initial determination therefore became binding and was considered to be the final decision of the Secretary. 20 C.F.R. § 404.905. The principal of res judicata applies to findings and decisions on the merits which become final as a result of a claimant's failure to seek administrative review after notice of an adverse decision. *Stuckey v. Weinberger*, 488 F.2d 904, 909–11 (9th Cir. 1973).

Taylor's argument that res judicata should not bar a subsequent review of her claim because she was never afforded a hearing is unpersuasive. The regulations specifically provide that res judicata may be grounds for denying a hearing on a claim that has already become final. 20 C.F.R. § 404.957(c)(1). Further, this court has held that res judicata may apply even where the claimant never had a hearing, if the claimant has failed to pursue an appeal and has presented no new facts in a subsequent application to demonstrate that there may have been inadequate grounds to support a determination of non-disability on the previous application. *Thompson v. Schweiker*, 665 F.2d 936, 940 (9th Cir.1982).

Further, a claimant is not entitled to a hearing where she has failed to seek reconsideration within 60 days after receiving notification of an adverse determination unless she can prove "good cause" for missing the deadline. 20 C.F.R. § 404.911. The Secretary's decision to allow a late reconsideration of an earlier claim is strictly discretionary. Taylor failed to prove she had "good cause" for missing the deadline in seeking an administrative hearing on her

1976 claim. She also failed to provide evidence that there were adequate grounds to prove disability based on the 1976 application. Consequently, the manifest injustice exception to res judicata does not apply to the facts of this case.

The Secretary reviewed the ALJ's decision to "reopen" the 1976 claim and found that there were no grounds to reopen the claim under 20 C.F.R. § 404.989. The district court concluded that it did not have jurisdiction to review the Secretary's decision not to reopen the 1976 claim. Taylor claims the court did have jurisdiction.

Once a decision becomes administratively final, the Secretary's decision to reopen a claim is purely discretionary. *Davis v. Schweiker*, 665 F.2d 934, 935 (9th Cir.1982); 20 C.F.R. § 404.987(a). Discretionary decisions are not "final decisions" within the meaning of section 450(g). *Id.* at 935. Therefore, a refusal by the Secretary to reopen a previous decision is not a "final" decision subject to judicial review. *Singer v. Schweiker*, 694 F.2d 616, 617 (9th Cir.1982). Thus, the district court did not have jurisdiction under section 405(g) to review the Secretary's decision to not reopen Taylor's 1976 claim.

AFFIRMED.