5 F.3d 539
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Edward J. SCHULER, Plaintiff-Appellant,
v.
Donna E. SHALALA**, Secretary of Health &
Human Services, Defendant-Appellee.
 No. 92-17091.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 25, 1993.
 
 Before: PREGERSON, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Edward J. Schuler appeals pro se the district court's summary judgment in favor of the Secretary of Health and Human Services in his action challenging the Secretary's denial of his application for Social Security disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. Sec. 405(g). He alleges disability due to motion sickness, sensitivity to light and chronic fatigue. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review the district court's grant of summary judgment de novo, Miller v. Heckler, 770 F.2d 845, 847 (9th Cir.1985). The Secretary's decision to deny benefits is conclusive if "supported by substantial evidence." Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir.1985) ("Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion' ").
 
 
 4
 In order to obtain disability benefits, a claimant has the burden to prove that he was disabled prior to his last insured date. 42 U.S.C. Sec. 423(c); Morgan v. Sullivan, 945 F.2d 1079, 1080 (9th Cir.1991); 20 C.F.R. Sec. 404.1520. The claimant must establish that a medically determinable physical or mental impairment prevents him from engaging in substantial gainful activity and that the impairment is expected to result in death or to last for a continuous period of at least 12 months. 42 U.S.C. Sec. 423(d)(1)(A); Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir.1989). The impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. Sec. 423(d)(3); Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir.1984). 42 U.S.C. Sec. 423(d)(2)(A) provides that an individual will have a disability: "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work."
 
 
 5
 Schuler contends he has been disabled since July 15, 1979 due to various ailments, including motion sickness and chronic fatigue. Schuler was eligible for disability benefits coverage under Title II until June 30, 1983. Schuler, however, presented only one piece of medical evidence for treatment prior to that date, which consisted of a physician's diagnosis that Schuler was treated for a "stiff neck." Evidence of subsequent medical evaluations made a number of years later does not shed any further light on Schuler's medical condition prior to June 1983. Consequently, the district court did not err in finding that Schuler had failed to prove he was disabled and that substantial evidence supported the Secretary's decision to deny his application for disability benefits under Title II. See Taylor, 765 F.2d at 875.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument, Fed.R.App.P. 34(a); 9th Cir.R. 34-4, therefore appellant's request for oral argument is denied
 
 
 **
 Donna E Shalala is substituted for Louis W. Sullivan pursuant to Fed.R.App.P. 43(c)
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3