9 F.3d 1552
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Louis MARTIN, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
** Defendant-Appellee.
 No. 92-55507.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1993.*
Decided Oct. 22, 1993.
 
 1
 Before: HALL and RYMER, Circuit Judges, and FITZGERALD,*** District Judge
 
 
 2
 MEMORANDUM****
 
 
 3
 Louis Martin appeals the district court's grant of summary judgment in favor of the Secretary of Health and Human Services (HHS) in Martin's action challenging HHS's denial of Social Security Disability Insurance (SSDI) benefits and Supplemental Security Income (SSI) disability benefits. We affirm.
 
 
 4
 * We will set aside a denial of benefits by HHS "only if the Secretary's findings are based upon legal error or are not supported by substantial evidence in the record as a whole." Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir.1985) (emphasis deleted).[1]
 
 A. Equivalence to Epilepsy
 
 5
 A disability benefits applicant who is not employed, whose impairment meets a duration requirement, and whose impairment is one of certain listed impairments is automatically entitled to benefits. 20 C.F.R. § 404.1520(b), (d). Martin argues that the ALJ erred by concluding that his impairment was not equivalent to the one listed at 20 C.F.R. Part 404, subpt. P, app. 1, § 11.03.
 
 
 6
 The ALJ's conclusion that Martin's impairment was not equivalent to the one listed in § 11.03 is supported by the substantial evidence that Martin had never been diagnosed as epileptic, that his EEG had been found to be essentially normal (with minor deviations attributed to prescribed phenobarbital), that the effectiveness of Martin's medication was reduced by excessive alcohol consumption, and that after stabilization of his medication in early 1989, Martin's seizures were occurring less frequently (approximately four times per month).
 
 
 7
 Martin correctly points out that an abnormal EEG is not an absolute prerequisite to qualification under § 11.03. See Braswell v. Heckler, 733 F.2d 531, 533-34 (8th Cir.1984); Bradley v. Bowen, 660 F.Supp. 276, 280 (W.D.Ark.1987). However, the ALJ's determination under § 11.03 is supported by more than the fact of Martin's essentially normal EEG. Furthermore, the cases on which Martin relies are factually distinguishable. In Braswell, the benefits claimant had been diagnosed as epileptic. 733 F.2d at 533-34. In Bradley, the claimant had been diagnosed as epileptic and had seizures as frequently as several times per day. 660 F.Supp. at 278.
 
 B. Available Work
 
 8
 The ALJ concluded that Martin was "unable to perform his past relevant work as a carpenter." A claimant who is unable to perform his past relevant work will be found to be disabled only if he is unable to perform other work. 20 C.F.R. § 404.1520(f)(1).
 
 
 9
 Martin argues that there is not substantial evidence in the record to support the ALJ's further determination that Martin is not disabled because he is capable of other work. However, a vocational expert (VE) who attended Martin's disability hearing testified that Martin would be able to work as a warehouse worker, a light packager, or a visual inspector, and that such jobs are available in significant numbers in the Los Angeles area. This evidence is sufficient to support the ALJ's determination.
 
 II
 A. Combined Effect
 
 10
 Martin contends that the ALJ's determination is erroneous because it fails to take into account the combined effect of his impairments--by considering his hip injury and his alcoholism. See Hammock v. Bowen, 879 F.2d 498, 503-04 (9th Cir.1989) (combined effect of impairments must be considered).
 
 
 11
 Martin's counsel indicated at the disability hearing that Martin's hip was "not a major problem, but it does have an effect," and agreed with the ALJ's statement that "basically we're looking at seizures." Martin testified that the injury only caused problems "[i]f [he] walk[ed] for ... a long ways or a long period of time." The ALJ considered Martin's claim of hip pain and concluded that "such pain is not severe or of disabling proportions."
 
 
 12
 The benefits claimant has the burden of demonstrating alcoholism. Clem v. Sullivan, 894 F.2d 328, 331-32 (9th Cir.1990). Martin did not allege alcoholism as an impairment at the disability hearing and attempted to minimize the amount of his drinking. He also did not allege this impairment in district court. Nor did he adduce evidence demonstrating that he is an alcoholic.
 
 
 13
 The ALJ properly considered the evidence of Martin's hip injury and was not presented with evidence supporting a finding of alcoholism. Thus, the evidence of Martin's hip injury and use of alcohol does not undermine the substantial evidence in the record supporting the ALJ's determination that Martin is capable of performing certain work.
 
 B. Hypotheticals
 
 14
 Martin also contends that the ALJ's conclusions are erroneous because the hypotheticals which the ALJ propounded to the VE did not properly state the nature of Martin's impairments. Basically, Martin argues that the ALJ should have indicated to the VE that Martin's impairments included leg pain and alcoholism. The ALJ properly excluded these conditions as impairments for the reasons we have stated. In addition, the VE was present at the entire disability hearing and was aware of Martin's testimony regarding his various alleged impairments.
 
 C. Treating Physicians
 
 15
 Martin finally argues that the ALJ erred by failing to make findings regarding the opinions of his treating physicians. See Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir.1986) (per curiam). However, the ALJ's decision clearly indicates that he considered the evidence of medical examinations of Martin.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Donna E. Shalala has been substituted for Louis W. Sullivan pursuant to Rule 43(c)(1) of the Federal Rules of Appellate Procedure
 
 
 ***
 Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 ****
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court's grant of summary judgment is reviewed de novo. Jones v. Union Pac. R.R. Co., 968 F.2d 937, 940 (9th Cir.1992)