17 F.3d 395
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert PREECE, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
** Defendant-Appellee.
 No. 92-56127.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 1, 1994.*
Decided Feb. 9, 1994.
 
 Before: SNEED, THOMPSON and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Robert Preece appeals from the district court's summary judgment affirming the decision of the Secretary of Health and Human Services to terminate Preece's disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. Sec. 423. Preece argues he is entitled to continue to receive improvement, and Preece could perform a limited range of light work.
 
 
 3
 We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 OVERVIEW
 
 4
 This action was brought in district court pursuant to section 205(g) of the Social Security Act, 42 U.S.C. Sec. 405(g), which provides for judicial review of final decisions of the Secretary. We are limited to the question whether the findings of fact of the ALJ are supported by substantial evidence, and whether the proper legal standards were applied. 42 U.S.C. Sec. 405(g); Miller, 770 F.2d at 847; Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir.1985); Allen v. Heckler, 749 F.2d 577, 579 (9th Cir.1984). Substantial evidence constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, based on the record as a whole. Richardson v. Perales, 402 U.S. 389, 401 (1971); Taylor, 765 F.2d at 875.
 
 
 5
 The Social Security Act provides that an applicant must establish "an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. Sec. 423(d)(1)(A). Once a claimant is found disabled, a presumption of continuing disability arises. Bellamy v. Secretary, 755 F.2d 1380, 1381 (9th Cir.1985). Although the claimant retains the burden of proof, this presumption shifts the burden of production to the Secretary to produce evidence to meet or rebut the presumption. Patti v. Schweiker, 669 F.2d 582 (9th Cir.1982). Disability benefits cannot be terminated without evidence of medical improvement. Murray v. Heckler, 722 F.2d 499, 500 (9th Cir.1983). Medical improvement is defined as any decrease in the medical severity of the impairment that was present at the time of the most recent favorable medical decision that the individual was disabled or continued to be disabled. 20 C.F.R. 404.1594(b)(1).
 
 
 6
 The ALJ must determine whether the combined effect of a claimant's impairments renders the claimant disabled. 42 U.S.C. Sec. 423(d)(2)(c). A claimant can still be found disabled if the combined impact of all impairments are sufficiently severe, regardless of whether any single impairment, considered separately, would be considered severe. Gregory v. Bowen, 844 F.2d 664 (9th Cir.1988).
 
 ANALYSIS
 
 7
 Preece began receiving disability insurance benefits in 1984, due to a spinal fusion and heart disease. Preece's heart disease worsened. In May 1988, he was able to exercise for only two minutes at Stage II on a treadmill before the exercise had to be stopped due to severe chest pain and other symptoms. In June 1988, he had bypass surgery. By September 1988, he could exercise for two minutes at Stage III on the treadmill without pain. His condition continued to improve, and by October and November 1988, Preece was walking four to five miles per day and experiencing no problems. He experienced no further cardiovascular discomfort until November 1990, when he reported experiencing shortness of breath on exertion. After changing his medication, however, Preece reported no further heart-related problems and the condition improved.
 
 
 8
 In challenging the ALJ's findings that his heart condition had improved, Preece relies almost exclusively on a report completed in August 1991 indicating a marked abnormality during a stress test. This report, however, does not conclude that Preece is disabled or unable to perform light work.
 
 
 9
 Preece also argues he is entitled to continued disability insurance benefits because of severe back pain. In August 1989, the Department of Social Services referred Preece for an orthopaedic consulting examination and consultation. The treating physician concluded Preece could perform light work, lift 10 pounds frequently and 15 pounds occasionally, and could sit, stand or walk for four to six hours per day. Similar conclusions were reached following examinations and consultations in December 1989 and February 1990.
 
 
 10
 Preece also claims he is entitled to benefits due to depression. Preece underwent a psychiatric evaluation in August 1989, when he was diagnosed as "very possibly [having] a Major Depressive Illness ... that is [not] substantially disabling...."
 
 
 11
 While there is evidence that Preece has continuing physical and perhaps emotional problems which are disabling to a degree, there is substantial evidence supporting the ALJ's finding that as of December 1989, when the decision to terminate his benefits was made, Preece's medical condition had improved and he could engage in a limited range of light work.
 
 
 12
 Although Preece argues the ALJ failed to consider his cervical spine condition in evaluating his disability, he did not allege a continuing problem with neck pain or the existence of any additional restrictions on his ability to work resulting from the degenerative changes in his cervical spine. In fact, at the hearing, Preece testified his basic problem was with his lower back. Finally, no physician regarded the condition of such severity as to render him disabled.
 
 
 13
 Additionally, Preece argues the ALJ failed to consider the severity of the combination of his physical and mental ailments. We disagree. The opinion of the ALJ clearly indicates that the combination of impairments was considered.
 
 
 14
 Although Preece demonstrated he was unable to perform his former work, there was substantial evidence that he could engage in other types of gainful employment in the national economy. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir.1984). Although Preece must frequently stand before returning to sitting, the Secretary employed a vocational specialist who identified light and sedentary jobs Preece could successfully perform within this limitation.
 
 
 15
 The Secretary's determination to discontinue Preece's benefits is supported by substantial evidence. The decision of the district court granting summary judgment to the Secretary is
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Donna E. Shalala has been substituted for Louis W. Sullivan pursuant to Rule 43(c)(1) of the Federal Rules of Appellate Procedure
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit Rule 36-3