92 F.3d 1195
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles WALKER, Jr., Plaintiff-Appellant,
v.
Shirley S. CHATER**, Commissioner, Social
Security Administration, Defendant-Appellee.
 No. 94-16560.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1996.*
Decided Aug. 5, 1996.
 
 Before: HUG, Chief Judge; SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Charles Walker, Jr. appeals pro se the district court's summary judgment in favor of the Commissioner in Walker's action seeking disability insurance benefits pursuant to Title II of the Social Security Act ("Act"), 42 U.S.C. § 423. Walker alleged that he was unable to work because he suffered from cervical spine problems. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo a district court's order upholding a denial of benefits. Andrews v. Shalala, 53 F.3d 1035, 1039 n. 1 (9th Cir.1995). The decision must be affirmed if substantial evidence supports the findings of the administrative law judge ("ALJ") and the ALJ applied the correct legal standards. Moncada v. Chater, 60 F.3d 521, 523 (9th Cir.1995) (per curiam).
 
 
 4
 Walker contends that the ALJ's finding that he was not disabled was not supported by substantial evidence, and that the ALJ erred by finding that a prior decision denying Walker's application for benefits created a presumption of continuing non-disability which Walker failed to overcome. These contentions lack merit.
 
 
 5
 Here, Walker failed to appeal from a previous denial of an application for disability benefits. The ALJ properly found that this prior decision created a presumption of continuing non-disability. See Lyle v. Secretary of Health and Human Servs., 700 F.2d 566, 568 (9th Cir.1983). To overcome this presumption, Walker was required to demonstrate "changed circumstances" indicating a greater disability arising after April 24, 1989, the date of the ALJ's denial of his prior claim. See Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir.1988); Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir.1985). Walker failed to overcome this presumption because the evidence did not indicate that Walker's condition had deteriorated such that a greater disability had arisen between the first denial of benefits and Walker's second application. See Taylor, 765 F.2d at 875; Booz v. Secretary of Health and Human Servs., 734 F.2d 1378, 1380 (9th Cir.1984).
 
 
 6
 In addition, the vocational expert testified that although Walker is incapable of returning to his prior occupation as a bus driver, there are significant numbers of sedentary jobs within the region and the national economy that Walker is capable of performing. See Moncada, 60 F.2d at 523. Because we conclude that there was substantial evidence to support the ALJ's finding that Walker was not disabled, we affirm the district court's grant of summary judgment. See Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir.1992); see also Moncada, 60 F.3d at 524.
 
 
 7
 To the extent Walker contends that both the ALJ and the district court judge were biased against him, we conclude that his claims of bias are insufficient to require recusal. See Pau v. Yosemite Park & Curry Co., 928 F.2d 880, 885 (9th Cir.1991) (holding that recusal is required only when bias stems from an extrajudicial source, and not from conduct or rulings made during the course of the proceedings).[1]
 
 
 8
 AFFIRMED.
 
 
 
 **
 Pursuant to Pub.L. No. 103-296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of the Social Security Administration effective March 31, 1995. In accordance with section 106(d) of Pub.L. 103-296, Shirley S. Chater, Commissioner of Social Security Administration, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 ***
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 [1]
 Appellant's motion for appointment of counsel is denied. Appellant's motion to strike portions of appellee's brief and motion to expedite his appeal are also denied