**Drago Carl MUSA, Plaintiff—Appellant,**

v.

**COMMISSIONER, Social Security Administration, Defendant—Appellee.**

No. 01–56265.

D.C. No. CV–00–03692–CRM.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2002 *.

Decided Aug. 29, 2002.

Before KOZINSKI and FERNANDEZ, Circuit Judges, and MAHAN,** District Judge.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

 

## MEMORANDUM ***

Musa filed a claim for social security disability benefits. On March 5, 1998, the administrative law judge entered a decision finding that the onset date of disability was September 15, 1997. The Commissioner adopted the ALJ's decision on October 26, 1999.

42 U.S.C. § 405(g) requires an aggrieved party to commence an action in federal district court within 60 days from the final order, here December 24, 1999. Instead of filing a lawsuit as required to dispute the September 15, 1997, onset date, Musa requested that his case be reconsidered. On February 2, 2000, the commissioner denied that request and declined to reopen the case. Musa filed suit on April 11, 2000, seeking court review of the decision not to reopen.

Musa's complaint was not timely filed from the Commissioner's October 26, 1999, final order or from the second order denying reconsideration on February 2, 2000. Musa did not commence his district court case until five months after the ALJ decision and more than 60 days after the commissioner declined to reopen the administrative case. Musa did not file a timely appeal from the final decision of the social security commissioner. 42 U.S.C. § 405(g).

Further, we affirm the ruling of the district court that it did not have jurisdiction to review the Commissioner's February 2, 2000, discretionary decision not to reopen his disability claim. The district court does "not have jurisdiction under section 405(g) to review the Secretary's [or Commissioner's] decision to not reopen" a claim. *Taylor v. Heckler*, 765 F.2d 872, 877 (9th Cir.1985).

AFFIRMED.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.