Donald Charles CRANE,
Plaintiff–Appellant,

v.

Jo Anne B. BARNHART, Commission-
er of the Social Security Adminis-
tration, Defendant–Appellee.

No. 04–56430.

United States Court of Appeals,
Ninth Circuit.

Submitted June 7, 2006.*

Decided July 3, 2006.

Donald Charles Crane, Homeland, CA, pro se.

R. Linda Cosme, Esq., Cosme Law Offices, PLLC, Phoenix, AZ, for Plaintiff–Appellant.

Constance M. Komoroski, Esq., Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, Peter K. Thompson, Esq., Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before: THOMAS and GOULD, Circuit Judges, and SCHWARZER,** Senior District Judge.

### MEMORANDUM ***

Donald Charles Crane appeals the district court's summary judgment affirming the Commissioner of Social Security's denial of Crane's application for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401–433, 1381–1383f. Crane contends that (1) the Commissioner provided Crane with insufficient notice of review procedures, resulting in a deprivation of due process; (2) the Administrative Law Judge ("ALJ") erred as a matter of law in rejecting the opinions of certain treating physicians; (3) the ALJ erred as a matter of law by disregarding the combined effects of Crane's mental and physical impairments; and (4) this court should exercise its discretion to remand for payment of benefits. We find the ALJ's decision to be supported by substantial evidence and affirm.

### I.

We review de novo the district court's decision upholding the Commissioner's denial of benefits. *Benton ex rel. Benton v. Barnhart,* 331 F.3d 1030, 1035 (9th Cir. 2003). The Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error. *Magallanes v. Bowen,* 881 F.2d 747, 750 (9th Cir.1989).

 Crane's due process rights were not violated by the disability-status appeal procedures. Under 42 U.S.C. § 405(b), once Crane appealed the ALJ's determination on any grounds, the Commissioner "had unlimited authority to review the merits of the ALJ's determination of disability under the Social Security Act and the applicable regulations." *Taylor v. Heckler,* 765 F.2d 872, 875 (9th Cir.1985). The ALJ's Notice of Decision specifically warned Crane of the potential adverse consequences of filing an appeal. Although Crane argues that he had insufficient instruction on how to withdraw his appeal, he had sufficient knowledge to file a request for withdrawal, albeit after the Appeals Council's remand. He does not claim that he obtained additional instruction on filing a request for withdrawal following the remand. Finally, Crane cites no authority supporting a right to appeal the ALJ's denial of his request for withdrawal.

### II.

The ALJ sufficiently explained his rejection of the opinions of certain treating physicians in light of the opinions of Crane's other treating and examining physicians. Treating physicians are owed considerable deference. *Edlund v. Massanari,* 253 F.3d 1152, 1157 (9th Cir.2001). Their opinions can, however, "be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* (internal quotation marks omitted). These "reasons must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* (internal quotation marks omitted). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Id.* at 1156. Here, the ALJ gave specific and legitimate reasons for attributing little

---

** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–6.

weight to two of Crane's treating physicians, Drs. Welsh and Lee. Moreover, the ALJ supported his decision with substantial evidence, relying with sufficient explanation on the opinions of treating physician Dr. Portwood, examining physicians Drs. Schweitz, Davis, and Drake, and examining psychologist Dr. Rath.

Crane argues that the ALJ did not consider the combined effects of his mental and physical impairments when determining whether his impairments were the equivalent of Listing 1.05C. Because he did not challenge this determination in the district court, the issue is waived on appeal. *Id.* at 1158.

Concluding that substantial evidence supports the ALJ's decision, we AFFIRM.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

** The Honorable H. Russel Holland, Senior United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.