**SEANG WANG, Plaintiff–Appellant,**

v.

**Michael J. ASTRUE, Commissioner of Social Security, Defendant–Appellee.**

**No. 05–16907.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 17, 2007.*

Filed Oct. 31, 2007.

* The panel unanimously granted Appellant's Stipulated Motion for Submission on the Briefs on October 11, 2007 upon finding this case suitable for decision without oral argument pursuant to Fed. R.App. P. 34(a)(2).

John N. Carvelas, Asst. Regional CSL, Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: HUG, W. FLETCHER, and CLIFTON, Circuit Judges.

MEMORANDUM **

Seang Wang appeals a district court order affirming the Administrative Law

** This disposition is not appropriate for publication and is not precedent except as provid-ed by 9th Cir. R. 36–3.

**846**

Judge's (ALJ) decision denying his application for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1383f. We affirm.

█ Wang's argument that the ALJ erred at step two fails because the ALJ did, in fact, articulate an "impairment or combination of impairments which significantly limits the abilities and aptitudes necessary to do most jobs"—in this case, severe anxiety, depression, stomach pain, and dizziness. *Bowen v. Yuckert*, 482 U.S. 137, 146, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987) (citations omitted). Even if the ALJ's ruling was unclear at this step, any error was harmless because it was resolved in Wang's favor. *See Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir.2005).

█ At step three, the ALJ's finding that Wang did not meet or equal a listed impairment was sufficiently articulated and supported by the record. *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). The ALJ summarized the claimant's background, subjective complaints, and medical evaluations, and based upon these evaluations determined that there was ample evidence to support the finding that Wang's impairments did not equal an impairment listed in Appendix 1 of the regulations. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1200–01 (9th Cir.1990).

█ Wang's argument that the ALJ erred in its adverse credibility determination also fails because the ALJ provided "specific, cogent reasons for the disbelief." *See Morgan v. Apfel*, 169 F.3d 595, 599 (9th Cir.1999) (citation omitted). In rejecting Wang's subjective mental health complaints the ALJ relied upon permissible factors including claimant's own contradictory testimony as well as evidence of an unexplained, or inadequately explained, failure to seek or follow a prescribed course of treatment. *See Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir.1991). Ad-

ditionally, the ALJ permissibly rejected Wang's subjective physical pain testimony because the complaints did not appear to arise from any medically documented impairment. *See Taylor v. Heckler*, 765 F.2d 872, 876 (9th Cir.1985).

We uphold the ALJ's residual functional capacity determination because the ALJ properly relied upon a nonexamining source's opinion that was not inconsistent with his treating physician's reports. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.1995).

█ Finally, we uphold the ALJ's finding that Wang was not entitled to social security benefits. Although Wang was only marginally employed as a caretaker for one to three hours a day, and his earnings were insufficient to support a finding that his work constituted "substantial gainful activity" under the applicable regulations, the ALJ's error was harmless. *See Lewis v. Apfel*, 236 F.3d 503, 515 (9th Cir.2001); 20 C.F.R. § 404.1574; *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1991) (holding error harmless when it has no effect on the outcome). The uncontradicted testimony from the vocational expert that the claimant could successfully find work in the local or national economy based upon his physical and mental restrictions was supported by facts in the record. The ALJ could not reasonably come to a different conclusion because there was no opinion evidence in the record to support a contrary conclusion. *Cf. Stout v. Commissioner*, 454 F.3d 1050, 1056 (9th Cir.2006) (refusing to find ALJ's error harmless "unless [a reviewing court] can confidently conclude that no reasonable ALJ ... could have reached a different disability determination").

**AFFIRMED.**