**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 01 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARLENE PROPPS, | No. 10-16488 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-01017-DLB |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Dennis L. Beck, Magistrate Judge, Presiding

Submitted November 16, 2011[**]
San Francisco, California

Before: HAWKINS, McKEOWN, and M. SMITH, Circuit Judges.

Marlene Propps appeals the district court's decision affirming the

Commissioner's third denial of her application for Supplemental Security Income

disability benefits. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Propps must overcome the presumption of continuing non-disability by demonstrating "changed circumstances" since the Commissioner's prior denials of benefits. *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir. 1985). In prior hearings, the Administrative Law Judge ("ALJ") found that Propps had "slight to moderate" deficiencies in concentration, persistence and pace, with a residual functional capacity ("RFC") to perform limited light work. The ALJ adopted those findings in this case. Propps's argument that the ALJ erred rests on the medical opinions of two treating physicians, Dr. Zhang and Dr. Hood. However, Dr. Zhang also listed deficiencies in concentration, persistence and pace, and did not specify whether these limitations would be slight or moderate. Dr. Hood noted some "moderate" limitations, but ultimately found that Propps could "[c]arry out simple tasks for a normal work week." Substantial evidence existed to support the ALJ's RFC determination. *Magallanes v. Bowen*, 881 F.2d 747, 750-53 (9th Cir. 1989). Even if the ALJ incorrectly characterized Propps's limitations as slight to moderate instead of moderate, the error was harmless, as the RFC finding remained unchanged, and a claimant with "moderate" limitations may carry out simple work. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008).

The ALJ also properly relied on vocational testimony based on Propps's RFC. Although Propps argues that the ALJ did not give weight to a portion of the

2

vocational expert's testimony, it was proper for the ALJ to consider only the hypothetical supported by substantial evidence in the record. *Magallanes*, 881 F.2d at 756-57. Based on the record, the ALJ found that Propps could perform limited light work. He relied on the vocational expert testimony that a claimant with the RFC to do limited light work was capable of making a successful adjustment to other work that exists in significant numbers in the national economy. Substantial evidence supports the ALJ's determination of Propps's RFC and reliance on corresponding vocational expert testimony. See 20 C.F.R. §§ 416.945(a)(3), 416.946(c).

   **AFFIRMED.**