NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| DEBORAH J.M. OBERG, | ) | No. 11-35047 |
| | ) | |
| Plaintiff – Appellant, | ) | D.C. No. 3:09-cv-05526-RBL |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant – Appellee. | ) | |
| | ) | |
| | ) | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted March 5, 2012
Seattle, Washington

Before:    FERNANDEZ and PAEZ, Circuit Judges, and KOH,[**] District Judge.

Deborah J.M. Oberg appeals the district court's judgment, which affirmed

the Commissioner of Social Security's denial of disability insurance benefits.  We

_____

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]The Honorable Lucy H. Koh, United States District Judge for the Northern
District of California, sitting by designation.

affirm in part, reverse in part, and remand.

(1)     Before making the current application, Oberg had applied for disability insurance benefits and the Commissioner had determined that she was not disabled for the period ending July 31, 2003, the date of the decision in that case.  In this case, therefore, that determination is res judicata and creates a presumption that she was not disabled for the present period, which she claimed began May 23, 2003, and ended June 30, 2005, when her Social Security disability insurance coverage terminated.  See Miller v. Heckler, 770 F.2d 845, 848 (9th Cir. 1985); see also Vasquez v. Astrue, 572 F.3d 586, 597 (9th Cir. 2009).  As Oberg notes, that does not apply when the Administrative Law Judge (ALJ) has reopened the prior period expressly or de facto.  See Lewis v. Apfel, 236 F.3d 503, 510 (9th Cir. 2001); Krumpelman v. Heckler, 767 F.2d 586, 589 (9th Cir. 1985).  However, on this record, the ALJ made it clear that he was not reopening the prior decision when he plainly stated that the presumption would apply[1] and also pointed out that nothing had changed since the prior adjudication.[2]  The mere fact that the ALJ did

---

[1]At the beginning of the hearing on May 14, 2008, the ALJ announced, and counsel acknowledged, that the presumption of nondisability would apply. Moreover, the ALJ's decision on August 20, 2008, made it clear that the presumption was being applied.

[2]The ALJ even cited one of our prior cases, which discussed the res judicata
(continued...)

2

consider the record of the prior decision is of no import; plainly he had to do so in order to determine whether there had been a substantial change in Oberg's condition since that time. See Krumpelman , 767 F.2d at 589.

(2)     Oberg next contends that the ALJ improperly discredited her testimony, in part, when considering whether there had been a substantial change in her condition during the period in question. We disagree. We have carefully reviewed the record and it is apparent both that the medical evidence indicated no real change in her medical condition since the prior determination,[3] and that her own testimony as to whether her condition had substantially worsened since then offered no additional substantial support to her claim.[4] We cannot say that the ALJ erred. See Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009).

(3)     Oberg also asserts that the ALJ should not have relied upon the 2003

---

[2](...continued)
effect of prior decisions. See Chavez v. Bowen, 844 F.2d 691, 693–94 (9th Cir. 1988).

[3]See Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1161 (9th Cir. 2008); Thomas v. Barnhart, 278 F.3d 947, 958–59 (9th Cir. 2002); see also Orteza v. Shalala, 50 F.3d 748, 749–50 (9th Cir. 1995) (per curiam).

[4]See Parra v. Astrue, 481 F.3d 742, 750 (9th Cir. 2007); Thomas, 278 F.3d at 958–59.

3

determination at Step 5 of the analysis, which, of course, relied upon the testimony of the vocational expert. We again disagree. As already noted, that determination was res judicata, absent some substantial change. To the extent that she seeks to attack the 2003 determination, that attack comes too late. See Taylor v. Heckler, 765 F.2d 872, 876 (9th Cir. 1985).

(4)     The ALJ did err when he failed to note that Oberg had changed age categories after the date of the first decision. She went from the category of "a younger person"[5] to that of "a person closely approaching advanced age,"[6] but the ALJ did not consider that. We have held that a change in age category is material for the purposes of determining a person's ability to do other work in the economy. See Lester v. Chater, 81 F.3d 821, 828 (9th Cir. 1995); Chavez, 844 F.2d at 694. However, Oberg failed to raise the issue before the Appeals Council,[7] or at the district court,[8] or in her opening brief.[9] Nevertheless, the Commissioner chose to

---

[5] 20 C.F.R. § 404.1563(c).

[6] Id. § 404.1563(d).

[7] Of course, exhaustion before the Appeals Council is not required. See Sims v. Apfel, 530 U.S. 103, 112, 120 S. Ct. 2080, 2086, 147 L. Ed. 2d 80 (2000).

[8] That constitutes a waiver. See Crawford v. Lungren, 96 F.3d 380, 389 n.6 (9th Cir. 1996); see also Greger v. Barnhart, 464 F.3d 968, 973 (9th Cir. 2006).

[9] That, too, constitutes a waiver. See United States v. Kama, 394 F.3d 1236, 1238 (9th Cir. 2005).

4

argue the issue in his answering brief; therefore we have considered it. See Boldt v. Crake (In re Riverside-Linden Inv. Co.), 945 F.2d 320, 324 (9th Cir. 1991). We are loath to attempt to determine the effect of the ALJ's serious error in the first instance — it might affect Oberg's residual functional capacity, the testimony of the vocational expert, or other aspects of the Commissioner's decision. Therefore, we will reverse and remand for further consideration.

(5)     Finally, Oberg argues that the Appeals Council erred when it did not remand the matter to the ALJ after she submitted two new lay affidavits attesting to her condition. The Appeals Council rejected them, as, of course, it was entitled to do. See Taylor v. Comm'r of Soc. Sec. Admin., 659 F.3d 1228, 1232 (9th Cir. 2011); see also 20 C.F.R. §§ 404.970, 416.1476. However, its reason for doing so — that the affidavits were about a time after the ALJ ruled — was incorrect. In general, we do not supply grounds that the agency has not relied upon in reaching its decision,[10] and we will not do so here. It would be more efficient if the Commissioner addressed the matter in the first instance.

AFFIRMED in part, REVERSED in part, and REMANDED to the district court for further remand to the Commissioner for further proceedings consistent with this disposition. The parties shall bear their own costs on appeal.

---

[10]See SEC v. Chenery Corp., 332 U.S. 194, 196–97, 67 S. Ct. 1575, 1577, 91 L. Ed. 1995 (1947); Bray, 554 F.3d at 1225–26.