NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 15 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JENNIFER WEISS, | No. 22-35557 |
| Plaintiff-Appellant, | D.C. No. 4:20-cv-05234-MKD |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Mary K. Dimke, Magistrate Judge, Presiding

Submitted June 9, 2023**
Seattle, Washington

Before: BEA and BRESS, Circuit Judges, and OHTA,*** District Judge.

Jennifer Weiss appeals the district court's order affirming the Commissioner

of Social Security's denial of disability benefits and supplemental Social Security

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jinsook Ohta, United States District Judge for the Southern District of California, sitting by designation.

income.  "We review the district court's order affirming the [Administrative Law Judge's (ALJ's)] denial of social security benefits de novo and will disturb the denial of benefits only if the [ALJ's] decision contains legal error or is not supported by substantial evidence."  *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020) (internal quotation marks omitted) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      The ALJ properly invoked the presumption from *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988), in finding that Weiss had no medically determinable severe physical impairments.  When an ALJ has previously determined that a claimant is not disabled, there is a "presumption of continuing nondisability" which the claimant must overcome by "prov[ing] 'changed circumstances' indicating a greater disability."  *Id*. (quoting *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir. 1985)).  Weiss had previously applied for benefits in 2014, but the ALJ there found Weiss not disabled because, *inter alia*, her alleged physical impediments were not severe.

Weiss now claims she has presented "new and material evidence" establishing that her fibromyalgia constituted a medically determinable impairment.  *See* 20 C.F.R. §§ 404.988, 404.989.  But the ALJ properly determined that Weiss's proffered evidence—a new prescription and new medical provider evaluations—is not material because it does not support a finding of severe physical impairment.

2

Nor has Weiss demonstrated error in the ALJ's further determination that Weiss's fibromyalgia is not medically determinable under Social Security Ruling (SSR) 12-2p, 77 Fed. Reg. 43640 (July 25, 2012). The ALJ therefore properly applied *Chavez* and adopted the prior ALJ's decision regarding Weiss's physical impairments.[1]

2. Substantial evidence supports the ALJ's discounting of Weiss's medical opinion evidence. Because Weiss filed her benefits claim after March 27, 2017, the ALJ was required to evaluate her medical opinion evidence under 20 C.F.R. § 404.1520c. *See Woods v. Kijakazi*, 32 F.4th 785, 789 (9th Cir. 2022). The ALJ was thus required to consider the persuasiveness of all medical opinions and prior administrative medical findings and especially the "supportability" and "consistency" of the opinions. *Id*. at 791 (quoting 20 C.F.R. § 404.1520c(a)).

Here, the ALJ evaluated the medical opinions of all the providers and sufficiently explained why their conclusions were not supported or consistent with the record. First, the ALJ reasonably found unpersuasive the mental health residual functional capacity assessments performed by Farrukh Hashmi, MD, and Kishor Varada, PA-C; Jamie Graham, MSW; and Nancy Hillmer, ARNP. These opinions were in check-box form and were not accompanied by explanation or narrative. Because these opinions contained little in terms of "objective medical evidence and

[1] Weiss on appeal does not raise a colorable challenge as to any other claimed physical impairments besides fibromyalgia.

3

supporting explanations," the ALJ reasonably found them unpersuasive. 20 C.F.R. § 404.1520c(c)(1).

The ALJ also reasonably concluded that these opinions were inconsistent with other treatment records, which suggest that Weiss's mental impairments are significantly less severe than Hashmi and Varada, Graham, and Hillmer indicated. Lastly, the ALJ reasonably concluded that Hashmi and Varada, Graham, and Hillmer's more extreme assessments were inconsistent with the fact that Weiss appeared to provide competent care for several children, prepared daily meals, completed household chores, and managed her own finances.[2]

Instead, the ALJ reasonably relied on the medical opinion of Dr. Donna Veraldi, who reviewed Weiss's medical record and rendered an opinion on Weiss's psychological functioning at the June 2020 hearing. Dr. Veraldi concluded that Weiss was capable of simple, routine, repetitive work with limited public contact and limited cooperation with other people. The ALJ reasonably relied on Dr. Veraldi's testimony to conclude that Weiss is not disabled.

---

[2] Weiss further argues that the medical opinion of Mary Beth Swihart, ARNP, supports her alleged fibromyalgia impairment. But Weiss failed to challenge the ALJ's discounting of Swihart's opinion before the district court. Though Weiss makes several arguments challenging the ALJ's analysis on appeal, these arguments are forfeited and no exception to forfeiture applies. *See Smartt v. Kijakazi*, 53 F.4th 489, 500 (9th Cir. 2022). Regardless, substantial evidence supports the ALJ's discounting of Swihart's assessment.

3.     When an ALJ concludes that an underlying impairment could reasonably be expected to produce a claimant's alleged symptoms and that there is no evidence of malingering, an ALJ may "reject [a] claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Smith v. Kijakazi*, 14 F.4th 1108, 1111–12 (9th Cir. 2021) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014)). Here, the ALJ explained that the medical evidence and Weiss's daily activities indicated that Weiss's subjective complaints were overstated. The ALJ thus provided clear and convincing reasons for discounting Weiss's subjective symptom testimony.

4.     The ALJ properly found that Weiss's alleged fibromyalgia impairment did not satisfy any step-three listing. At step three of the five-step analysis, the ALJ compares the claimant's impairments to impairments recognized by federal regulations to be so severe as to "prevent an adult . . . from performing *any* gainful activity." *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990). Before an ALJ will consider whether an impairment falls under a step three listing, the claimant must show that the impairment is "medically determinable." 20 C.F.R. § 404.1525(c)(2).

Weiss argues that the ALJ erred by not addressing whether her fibromyalgia symptoms satisfied Listing 14.09D. But the ALJ reasonably concluded that Weiss's fibromyalgia impairment was not medically determinable. And even if it were, Weiss has not shown that her fibromyalgia symptoms meet the requirements of

5

Listing 14.09D.  *See* 20 C.F.R. § 404, Subpt. P, App. 1.[3]

5.　　Based on testimony of a vocational expert, the ALJ properly concluded at step five that Weiss can perform jobs in the national economy.  Weiss argues that the ALJ erred in relying on an incomplete hypothetical in making this determination.  But Weiss's argument is based on her treatment providers' determinations about her mental health.  As discussed above, the ALJ reasonably discounted the providers' medical opinions on this issue.

**AFFIRMED.**

---

[3] Weiss also claims her mental impairments render her disabled under Listings 12.04, 12.06, 12.08, and 12.15.  But this argument lacks merit because, as explained previously, the ALJ properly discounted the medical opinions that Weiss offered in support of her claimed mental impairments.